NATIONAL COUNTY MUTUAL FIRE
INSURANCE COMPANY, Appellant,

v.

Chessie V. HOOD, Appellee.

No. C14–85–024CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 2, 1985.

Calvin C. Otte, Dallas, for appellant.

James H. Pearson, DeLange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a summary judgment in favor of appellee, Chessie V. Hood, declaring funds held in escrow by a title company exempt from a lien held by the appellant, National County Mutual Fire Insurance Company. We reverse and remand because the summary judgment proof offered by appellee was lacking.

Appellee brought the action for declaratory judgment alleging the following: (1) Appellant, acting under the name of Eugene Van Stroman, obtained a $2,278.47 judgment in Dallas County on February 15, 1977, against appellee's former husband, Charlie Hood. (2) In February 1979 Chessie Hood was granted a divorce from Charlie Hood and was awarded the family residence in Houston, Texas, as her separate property. (The suit for declaratory judgment was filed in the same court that heard the divorce and given a file number indicating the second action was ancillary to the divorce suit.) (3) After the divorce appellee sold her residence. (4) The closing agent, Stewart Title Company, held in escrow approximately $4000.00 to cover payment of liens securing obligations owing by Chessie Hood. (5) On November 17, 1983, an attorney for appellee made application in Dallas County and was granted a writ of garnishment against Stewart Title Company for any effects the title company held for the benefit of Charlie Hood.

The petition further alleges that the property in question was the homestead of Charlie and Chessie Hood before the divorce and the homestead of Chessie Hood after the divorce. The petition prays for a judgment declaring the funds exempt as proceeds from the sale of a homestead and for attorney's fees under Tex.Rev.Civ.Stat. Ann. art. 2524–1, § 10 (Vernon 1965 & Supp.1985).

The motion for summary judgment made essentially the same allegations. Filed with the motion is an affidavit by Mrs. Hood adequately establishing the homestead character of the real property before and after the divorce and up to the time of the sale. There is also an affidavit by a representative of Stewart Title Company adequately establishing that the company withheld $3,500.00 from the sale proceeds and holds said funds in an interest-bearing escrow account then amounting to $4,119.69.

Appellee states in her brief that at a hearing prior to the hearing on her motion for summary judgment the trial court took judicial notice of the court records concerning the divorce, the suit against Charlie Hood, and the garnishment proceedings in Dallas County. Copies of those records appear in a supplemental transcript as Exhibits "A," "B," "C," "D," "E," "F," and "G." A typewritten notation at the top of Exhibit "A" is simply "FILED: AMONG THE PAPERS."

■ Under the common law a trial court could take judicial notice of records of its own court in a case concerning the same subject matter and between the same or practically the same parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961). A court may not judicially notice records of another court. *Culver v. Pickens*, 142 Tex. 87, 176 S.W.2d 167, 171 (1944), *Chandler v. Carnes Co.*, 604 S.W.2d 485, 487 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.), *Winslar v. Bartlett*, 573 S.W.2d 608 (Tex.Civ.App.—Waco 1978, no writ), *Missouri-Kansas-Texas Railroad Co. v. Taub*, 345 S.W.2d 442 (Tex.Civ.App. —Houston 1961, no writ). Rule 201 of the Texas Rules of Evidence does not specifically state whether court records can be judicially noticed. We do not see that Rule 201 should change Texas practice in this regard.

■ Even if the records could be properly noticed under Rule 201 there is nothing in the record indicating the court did so. There is also no indication that appellant was afforded an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed, as provided in the rule. Tex.R.Evid. 201(e). Neither the motion for summary judgment nor any affidavit makes reference to the "Exhibits." If the records were accepted as filed by the judge, as asserted by appellee in oral argument, the court did not follow proper procedure. *See* Tex.R.Civ.P. 74.

Without the exhibits before the court as summary judgment proof, appellee has failed to demonstrate that there exists a justiciable controversy between herself and appellant, because there is no proof that appellant has any lien or claim against the proceeds held by the title company as alleged. Existence of a justiciable controversy is specifically listed as a necessary element in a declaratory judgment action. Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965 & Supp.1985).

■ Appellee complains that appellant did not adequately raise lack of justiciable controversy before appeal, citing *Texas Industrial Traffic League v. Railroad Commission*, 633 S.W.2d 821, 823 (Tex.1982), *Sabine River Authority v. Willis*, 369 S.W.2d 348 (Tex.1963) and other cases. None of those cases involved summary judgments. The holding in each is that a party waives complaint as to justiciable controversy unless the issue is raised in a plea in abatement or other pleading and ruled upon by the trial court before trial. Appellant did raise the issue of justiciable controversy in his response to the motion for summary judgment timely filed seven days before the hearing. We hold that within the parameters of a summary judg-

**640**

ment proceeding this was adequate to preserve the issue for appeal.

The second point of error is sustained. There is no need to discuss other issues raised by the parties. Accordingly, the judgment is reversed and the cause remanded.