**Richard Wayne COBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–91–044–CR.**

Court of Appeals of Texas,
Texarkana.

Aug. 4, 1992.

Discretionary Review Granted
Oct. 21, 1992.

William H. McCoy, Daingerfield, for appellant.

Richard Townsend, Daingerfield, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Richard Wayne Cobb appeals from the revocation of his probation.

He contends that the trial court erred by revoking his probation because the State failed to prove the terms and conditions of his probation and that he was the same person convicted in the underlying offense. He also contends that the evidence was insufficient to prove the elements of flee-

ing from a police officer as set out by Tex.Penal Code Ann. § 38.04 (Vernon Supp.1992).

Richard Wayne Cobb was convicted in November 1990 of misdemeanor driving while intoxicated. He was sentenced to thirty days confinement in jail, probated. Subsequently, during the period of probation, the State alleged that Cobb violated the terms of his probation by engaging in an unlawful act, specifically, that he fled from a police officer. This offense is made unlawful by Tex.Penal Code Ann. § 38.04. Under that section, a person commits an offense if he intentionally flees from a peace officer who is attempting to arrest or detain him for the purpose of questioning or investigating possible criminal activity. The trial judge found that this allegation was adequately proven, revoked Cobb's probation, and ordered Cobb to serve his sentence of thirty days in the Morris County jail.

■ The scope of review by this Court of a probation revocation proceeding is limited to the propriety of the revocation. *Traylor v. State,* 561 S.W.2d 492 (Tex. Crim.App. [Panel Op.] 1978). The State is required to prove that a defendant has violated the terms of his probation by preponderance of the evidence. *Cardona v. State,* 665 S.W.2d 492 (Tex.Crim.App.1984). In reviewing the propriety of revocation, we must determine whether the trial court abused its discretion. *McGuire v. State,* 537 S.W.2d 26 (Tex.Crim.App.1976). A trial court abuses its discretion in issuing an order to revoke probation if the State fails to meet its burden of proof. *Cardona,* 665 S.W.2d 492.

Cobb first contends that the trial court abused its discretion in revoking his probation because the State failed to prove the terms and conditions of probation and also failed to prove that Cobb was the same person involved in the prior conviction. Cobb correctly states that the official record stating the conditions of his probation was not offered as evidence and that no testimony about those conditions was elicited before the court. The only indication of those terms is contained in the motion to revoke probation. That motion states

> That the terms and conditions of said probation, among other things, provided that the defendant shall:
>
> (1) Commit no offense against the laws of the State of Texas, nor of any other State, nor of the United States of America, and report any arrest alleging violation of such laws to the Adult Probation Officer within ten days.

The motion further alleged that Cobb had violated that term of probation on January 1, 1991, by intentionally fleeing from a person known to him to be a peace officer, who was attempting to arrest him. Cobb waived the reading of this motion at the beginning of proceedings in this cause.

■ The Court of Criminal Appeals has repeatedly stated that it would be preferable to have the order placing the appellant on probation introduced into evidence. The Court has also stated that when the instrument containing the terms and conditions of probation is part of the court records in the cause, the trial judge can take judicial notice of the instrument. *Holloway v. State,* 666 S.W.2d 104 (Tex.Crim.App.1984); *Fleming v. State,* 502 S.W.2d 822 (Tex. Crim.App.1973). In those cases and their progeny, the trial court either took judicial notice of its own records sua sponte, or on motion by counsel. However, in the present case, the State did not request that such notice be taken, and the court did not take notice sua sponte of the probationary requirements.

■ Rule 201(e) of the Rules of Criminal Evidence provides that a party is entitled to be heard as to the propriety of the court taking judicial notice and of the tenor of the matter noticed. The rule provides that this opportunity to be heard may be prior to or after the taking of judicial notice. Inherent in this rule is the requirement that, at some point during the proceeding, the court must notify the parties of having taken judicial notice to give them an opportunity to exercise their right to be heard. Otherwise, Rule 201(e) would be rendered a nullity.

■ Another reason for prohibiting the taking of judicial notice in a criminal prosecution without notifying the parties is that it violates the right of due process guaranteed the defendant by the Constitution of the United States. In *Garner v. Louisiana*, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961), the United States Supreme Court held that the extension of the doctrine of judicial notice to cover a situation in which the court was silent would be a denial of due process because it would eliminate the defendants ability to know upon what evidence he was being tried, as well as an opportunity to challenge the verity of the alleged facts. In addition, it could turn the doctrine into a pretext for dispensing with a trial.

■ Although not a criminal trial, a proceeding to revoke probation may deprive an individual of his liberty. Thus, the application of appropriate due process of law is constitutionally required. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Caddell v. State*, 605 S.W.2d 275 (Tex.Crim.App. [Panel Op.] 1980). The proceeding therefore requires substantially the same procedures as a criminal trial. *Whisenant v. State*, 557 S.W.2d 102, 104 (Tex.Crim.App.1977). We may not assume that the trial court silently took notice of the terms of probation.

■ The remaining question° under this point of error is whether the allegation in the State's motion to revoke is adequate to prove the existence of the condition of probation that Cobb allegedly violated.

A pleading is not proof. It constitutes an allegation of fact that must be proven by evidence at trial. Reiterating the general standard, the State is required to prove by a preponderance of the evidence that a defendant violated the terms of his probation. *Cardona*, 665 S.W.2d 492. Because the State has not introduced any evidence as to the terms of probation, and because none of the potential terms set out by Tex.Code Crim.Proc.Ann. art. 42.12, § 11(a) (Vernon Supp.1992) are mandatory, the State has not proven the requirements with which the probationer was to comply.

It is fundamental that the State must show that the defendant was subject to the term of probation which it contends was violated. The State's failure to provide this proof is fatal. This point of error is sustained.

■ Cobb further contends that the State never proved that he was the same individual as that previously convicted. This argument was not raised in the trial court. When an appellant pleads not guilty in open court to the allegations of the motion to revoke and fails to otherwise make his identity an issue in the trial court, and when, as here, the judge at the revocation hearing is the same judge who tried the underlying case, the appellant may not raise the issue for the first time on appeal. *Riera v. State*, 662 S.W.2d 606, 607 (Tex.Crim.App.1984); *Barrow v. State*, 505 S.W.2d 808 (Tex.Crim.App.1974). The point of error is overruled.

■ Cobb next contends that the evidence introduced at the hearing was insufficient to revoke probation because the State failed to prove by a preponderance of the evidence either that Cobb was the individual driving the fleeing vehicle or the elements of fleeing as set out by Tex.Penal Code Ann. § 38.04. On an appeal from a revocation of probation, the evidence is to be viewed in the light most favorable to the trial court's finding. *Jones v. State*, 589 S.W.2d 419 (Tex.Crim.App. [Panel Op.] 1979).

The alleged offense is defined in Tex.Penal Code Ann. § 38.04 (Evading arrest or detention):

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him or detain him for the purpose of questioning or investigating possible criminal activity.

(b) It is an exception to the application of this section that the attempted arrest is unlawful or the detention is without reasonable suspicion to investigate.

The police officer testified that he was chasing two vehicles because he had seen them run a stop sign and drive at night without headlights. The police officer who

stopped and ticketed the driver of the second pickup truck testified that he recognized Richard Cobb as the driver of the truck that got away. The driver of the truck that was stopped also testified that Richard Cobb was driving the other vehicle. Another State's witness testified that he had overheard a conversation between Cobb and another person in which Cobb talked about evading a police officer.

The officer was driving a marked police car and had his flashing lights on. The officer had probable cause to make a warrantless arrest when he observed a violation by a driver who failed to stop at a marked crossing. TEX.REV.CIV.STAT.ANN. art. 6701d, § 91A(b) (Vernon 1977) (Uniform Act Regulating Traffic on Highways). This evidence is adequate for the trial judge to determine by a preponderance of the evidence that Cobb intentionally fled from a police officer who was attempting to arrest him and that Cobb was aware that the person was a police officer. There is also evidence to the contrary. In a probation revocation proceeding, the judge is the sole trier of the facts, and as such, the judge determines the credibility of the witnesses and the weight to be given their testimony. *Ausborne v. State*, 499 S.W.2d 179 (Tex.Crim.App.1973). No abuse of discretion has been shown.

Cobb also argues no arrest was contemplated, but merely the issuance of a citation. We disagree. As previously observed, an officer may arrest an offender for a traffic violation. The statute provides, with exceptions not applicable here, that when an officer stops an offender and issues a citation, the offender is then under arrest, but, at the officer's discretion, may secure release by signing the citation, thereby promising to appear. *Evers v. State*, 576 S.W.2d 46, 49 (Tex.Crim.App. [Panel Op.] 1978); TEX.REV.CIV.STAT.ANN. art. 6701d, § 148(a) (Vernon Supp.1992) & art. 6701d, § 153 (Vernon 1977).

We hereby reverse the order of the trial court and set aside the revocation.