

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00117-CV

## IN THE INTEREST OF C.L., AND I.L., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2008-222-3**

## OPINION

This is an appeal of a decree terminating the appellant's parental rights. The appellant contends in two issues that: (1) the court abused its discretion by permitting a trial amendment alleging a new ground for termination; and (2) there is legally or factually insufficient evidence to support the sole ground of termination found by the trial court. We will reverse and render in part and reverse and remand in part.

The original petition filed by the Department of Family and Protective Services alleged two grounds for termination, namely, that Appellant "Irene":[1] (1) knowingly

---

[1] To protect the identity of the children who are the subject of this suit, we shall refer hereinafter to the mother by the pseudonym "Irene." *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008); TEX. R. APP. P. 9.8(b)(2).

placed or allowed the children to remain in dangerous conditions or surroundings; and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(D), (E) (Vernon Supp. 2008).

During the brief[2] bench trial, the Department did not attempt to prove either of these allegations. Instead, the Department offered the testimony of a CPS caseworker who testified that Irene had failed to comply with her "service plan" and that termination would be in the best interest of the children. At the close of the evidence, Irene moved for a directed verdict. The Department responded by requesting a "trial amendment" to add an allegation under subsection (O) that Irene had failed to comply with a court order that established the actions necessary for the return of her children. *Id.* § 161.001(1)(O) (Vernon Supp. 2008). The court promptly granted this request. The termination decree recites subsection (O) as the sole predicate ground for termination.

Irene contends in her first issue that the court abused its discretion by granting the trial amendment. However, to preserve such a complaint, the party opposing the trial amendment must request a continuance. *Wright v. Wright*, 280 S.W.3d 901, 908 (Tex. App.—Eastland 2009, no pet.); *Beard v. Beard*, 49 S.W.3d 40, 52 (Tex. App.—Waco 2001, pet. denied). Irene did not request a continuance. Because she failed to preserve this complaint, we overrule her first issue.

Irene contends in her second issue that there is legally or factually insufficient evidence to support the sole predicate ground for termination found by the trial court.

---

[2] The reporter's record consists of a single volume containing only 8 pages of testimony.

Parental rights may be terminated under subsection (O) if the Department proves by clear and convincing evidence that the parent has:

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(1)(O). To establish this predicate ground for termination, the Department must prove: (1) the child was removed from the parent because of abuse or neglect; (2) the Department has been the permanent or temporary managing conservator of the child for at least nine months; (3) a court order "specifically established the actions necessary for the parent to obtain the return of the child"; and (4) the parent failed to comply with that order. *See id.*

Irene contends that the Department offered no evidence to support the first three elements. The Department responds that the court was "intimately familiar with the case" and "had all of the necessary information to find the elements of (O)" by referring to the court's file. We construe the Department's position as an assertion that the trial court took judicial notice of its records and relied on the contents of the case file to find the challenged elements. We invited the parties to file supplemental briefs on the issue of judicial notice, which they have done.

This Court has recently addressed judicial notice in the context of an asset forfeiture proceeding.

A trial court may generally take judicial notice of its own records in a case involving the same subject matter between the same or practically the same parties.

However, testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding.

The trial judge's own memory of what the witness may have said at the prior proceeding is insufficient to substitute for an accurate and properly authenticated record of that testimony. A fact is not capable of accurate and ready confirmation simply because a trial judge remembers that a witness testified to it in trial. While a court may take judicial notice of the existence of the testimony in a co-defendant's trial, as the trial court did in this case, a court may not take judicial notice of the truth of the factual content of that testimony because its accuracy can reasonably be questioned.

A trial judge may not even judicially notice testimony that was given at a temporary hearing in a family law case at a subsequent hearing in the same cause without admitting the prior testimony into evidence. Further, while a court may judicially notice the existence of an affidavit in its file, it may not take judicial notice of the truth of the factual contents contained therein.

*Davis v. State*, No. 10-07-00368-CV, 2009 WL 2136394, at *2 (Tex. App.—Waco July 15, 2009, no pet.) (citations omitted).

The record does not affirmatively indicate that the trial court took judicial notice of its records in this case. *See Tranter v. Duemling*, 129 S.W.3d 257, 262-63 (Tex. App.—El Paso 2004, no pet.); *In re Harman Int'l Indus., Inc.*, No. 04-00-00256-CV, 2000 WL 1060516, at *2 (Tex. App.—San Antonio July 19, 2000, orig. proceeding) (not designated for publication); *Cardenas v. Gemar*, No. 07-96-00334-CV, 1997 WL 528670, at *2 (Tex. App.—Amarillo Aug. 27, 1997, no pet.) (not designated for publication); *McDaniel v. Hale*, 893

S.W.2d 652, 674 (Tex. App.—Amarillo 1994, writ denied); *Nat'l County Mut. Fire Ins. Co. v. Hood*, 693 S.W.2d 638, 639 (Tex. App.—Houston [14th Dist.] 1985, no writ).

A court may take judicial notice of appropriate matters sua sponte. *Brown v. Brown*, 236 S.W.3d 343, 349 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re Graves*, 217 S.W.3d 744, 751 (Tex. App.—Waco 2007, orig. proceeding); *Barnard v. Barnard*, 133 S.W.3d 782, 786 (Tex. App.—Fort Worth 2004, pet. denied); *see* TEX. R. EVID. 201(c) ("A court may take judicial notice, whether requested or not."). But when the court does so, it must at some point notify the parties that it has done so and give them an opportunity to challenge that decision. *Harman Int'l Indus.*, 2000 WL 1060516, at *2; *McDaniel*, 893 S.W.2d at 673; *see* TEX. R. EVID. 201(e); *Graves*, 217 S.W.3d at 751; *Tranter*, 129 S.W.3d at 262-63.

"A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken." TEX. R. EVID. 201(e). According to Professor Wellborn:[3]

> It is implicit in Rule 201(e) that if a court takes judicial notice of an adjudicative fact sua sponte, it must at some point notify the parties that it has done so, so that they in fact receive the opportunity to be heard granted by the rule. This is probably required by the Constitution as well as the rule.

1 STEVEN GOODE ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE § 201.6 (3d ed. 2002) (footnotes omitted).

---

[3]      Professor Olin Guy Wellborn, III is the author of the chapter on judicial notice in the *Guide to the Texas Rules of Evidence*. See Steven Goode et al., *Preface to* STEVEN GOODE ET AL., GUIDE TO THE TEXAS RULES OF EVIDENCE, at ix (3d ed. 2002).

The constitutional dimension of this issue was perhaps best explained by the United States Supreme Court in a case procedurally similar to the case before us.

> There is nothing in the records to indicate that the trial judge did in fact take judicial notice of anything. To extend the doctrine of judicial notice to the length pressed by the respondent would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial, and would be "to turn the doctrine into a pretext for dispensing with a trial." Furthermore, unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied upon. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by the evidence where that evidence is unknown. Such an assumption would be a denial of due process.

*Garner v. Louisiana*, 368 U.S. 157, 173, 82 S. Ct. 248, 256-57, 7 L. Ed. 2d 207 (1961) (quoting *Ohio Bell Tel. Co. v. Pub. Utils. Comm'n*, 301 U.S. 292, 302, 57 S. Ct. 724, 729, 81 L. Ed. 1093 (1937)); *accord Cobb v. State*, 835 S.W.2d 771, 774 (Tex. App.—Texarkana 1992), *rev'd on other grounds*, 851 S.W.2d 871 (Tex. Crim. App. 1993).

The Department suggests that a different rule may apply in bench trials than in jury trials. However, we are unaware of any authority which supports this proposition. In fact, all but one of the cases cited in this opinion on the issue of judicial notice arose from non-jury proceedings. *See Garner*, 368 U.S. at 161 n.5, 82 S. Ct. at 250 n.5; *Ohio Bell Tel. Co.*, 301 U.S. at 294-300, 57 S. Ct. at 726-28; *Davis*, 2009 WL 2136394, at *1; *Brown*, 236 S.W.3d at 346; *Graves*, 217 S.W.3d at 746; *Barnard*, 133 S.W.3d at 785; *Tranter*, 129 S.W.3d at 258; *Harman Int'l Indus.*, 2000 WL 1060516, at *1; *Cardenas*, 1997 WL 528670, at *1;

*Cobb*, 835 S.W.2d at 773; *Nat'l County Mut.*, 693 S.W.2d at 638; *cf. McDaniel*, 893 S.W.2d at 655-56.

As Irene notes in her supplemental brief, Rule of Civil Procedure 262 provides, "The rules governing the trial of causes before a jury shall govern in trials by the court in so far as applicable." TEX. R. CIV. P. 262. "Insofar as the judge's duties involve factual determinations, he or she is in all respects acting in a role analogous to that of the jury." 4 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEXAS CIVIL PRACTICE § 20:3 (2d ed. 2001). Thus, the Department must prove its case in a bench trial by presenting clear and convincing evidence to support each element of the alleged ground(s) for termination just as in a jury trial.

Here, the Department did not ask the trial court to take judicial notice of any prior orders in its file or of any other matters. The court did not announce in open court that it was taking judicial notice, nor did it recite in the termination decree that it had done so. Thus, we hold that the court did not take judicial notice.[4] *See Garner*, 368 U.S. at 173, 82 S. Ct. at 256-57; *Tranter*, 129 S.W.3d at 262-63; *Harman Int'l Indus.*, 2000 WL 1060516, at *2; *McDaniel*, 893 S.W.2d at 673; *Nat'l County Mut.*, 693 S.W.2d at 639.

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed

---

[4] We do not mean to suggest that judicial notice may not be used to establish one or more of the elements of the Department's case, but it must be employed in a manner consistent with due process and consistent with the legal authorities discussed in this opinion.

facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.

*In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *In re T.N.F.*, 205 S.W.3d 625, 630 (Tex. App.—Waco 2006, pet. denied).

There was no testimony or documentary evidence admitted at trial[5] to establish that: (1) the children were removed from Irene because of abuse or neglect; (2) the Department had been the permanent or temporary managing conservator of the children for at least nine months; or (3) the service plan with which Irene failed to comply was incorporated in some court order which "specifically established the actions necessary for [Irene] to obtain the return of the child[ren]." *See Davis*, 2009 WL 2136394, at *5 ("the trial court erred when it took judicial notice of prior testimony without admitting a transcript of it into evidence"); *In re D.M.F.*, 283 S.W.3d 124, 133-34 (Tex. App.—Fort Worth 2009, pet. granted, judgm't vacated w.r.m.) ("No specific order was submitted into evidence or identified as being an order with which Jerry F. had not complied."); *see also In re C.S.*, 208 S.W.3d 77, 82-83 (Tex. App.—Fort Worth 2006, no pet.) (court's file did not contain any prior order for inpatient mental health services

---

[5] The Department filed a motion after submission asking that we supplement the record with the transcript of a March 2008 "non-emergency removal hearing." The Department would rely on this supplemental record to establish the first two elements of its case. However, the testimony from this hearing was not referred to at trial. *See Davis v. State*, No. 10-07-00368-CV, 2009 WL 2136394, at *2 (Tex. App.—Waco July 15, 2009, no pet.) ("A trial judge may not even judicially notice testimony that was given at a temporary hearing in a family law case at a subsequent hearing in the same cause without admitting the prior testimony into evidence."); *Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 & n.17 (Tex. App.—Corpus Christi 2008, no pet.) (declining to consider documentary evidence not presented to trial court but attached to brief). Therefore, the motion is denied.

and such an order was not directly addressed at hearing for order to authorize administration of psychoactive medication).

Viewing all the evidence in the light most favorable to the trial court's decision, we hold that the evidence is legally insufficient. Accordingly, we sustain Irene's second issue.

We reverse the judgment and render judgment denying the Department's petition for termination of the parent-child relationship between Irene and her children C.L. and I.L. We remand this cause to the trial court for the limited purpose of rendering an order consistent with section 161.205 of the Family Code.[6] *See In re A.S.*, 261 S.W.3d 76, 93 & n.19 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).


FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Reversed and rendered in part,
    Reversed and remanded in part
Opinion delivered and filed October 14, 2009
[CV06]

---

[6] According to section 161.205, "If the court does not order termination of the parent-child relationship, the court shall: (1) deny the petition; or (2) render any order in the best interest of the child." TEX. FAM. CODE ANN. § 161.205 (Vernon 2008).