IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00117-CV

 

In
the Interest of C.L., and I.L., Children

 

 

 

 



From the 74th District
Court

McLennan County, Texas

Trial Court No. 2008-222-3

 



Opinion



 








            This is an appeal of a
decree terminating the appellant’s parental rights.  The appellant contends in
two issues that: (1) the court abused its discretion by permitting a trial
amendment alleging a new ground for termination; and (2) there is legally or
factually insufficient evidence to support the sole ground of termination found
by the trial court.  We will reverse and render in part and reverse and remand
in part.

            The original petition filed
by the Department of Family and Protective Services alleged two grounds for
termination, namely, that Appellant “Irene”:[1]
(1) knowingly placed or allowed the children to remain in dangerous conditions
or surroundings; and (2) engaged in conduct or knowingly placed the children
with persons who engaged in conduct which endangered the children.  See Tex. Fam. Code Ann. § 161.001(1)(D),
(E) (Vernon Supp. 2008).

            During the brief[2]
bench trial, the Department did not attempt to prove either of these
allegations.  Instead, the Department offered the testimony of a CPS caseworker
who testified that Irene had failed to comply with her “service plan” and that
termination would be in the best interest of the children.  At the close of the
evidence, Irene moved for a directed verdict.  The Department responded by
requesting a “trial amendment” to add an allegation under subsection (O) that
Irene had failed to comply with a court order that established the actions
necessary for the return of her children.  Id. § 161.001(1)(O) (Vernon Supp. 2008).  The court promptly granted this request.  The termination decree
recites subsection (O) as the sole predicate ground for termination.

            Irene contends in her first
issue that the court abused its discretion by granting the trial amendment. 
However, to preserve such a complaint, the party opposing the trial amendment
must request a continuance.  Wright v. Wright, 280 S.W.3d 901, 908 (Tex. App.—Eastland 2009, no pet.); Beard v. Beard, 49 S.W.3d 40, 52 (Tex. App.—Waco 2001, pet. denied).  Irene did not request a continuance.  Because she
failed to preserve this complaint, we overrule her first issue.

            Irene contends in her second
issue that there is legally or factually insufficient evidence to support the
sole predicate ground for termination found by the trial court.

            Parental rights may be
terminated under subsection (O) if the Department proves by clear and
convincing evidence that the parent has:

failed to comply with the provisions of
a court order that specifically established the actions necessary for the
parent to obtain the return of the child who has been in the permanent or
temporary managing conservatorship of the Department of Family and Protective
Services for not less than nine months as a result of the child’s removal from
the parent under Chapter 262 for the abuse or neglect of the child.

            

Tex. Fam. Code
Ann. § 161.001(1)(O).  To
establish this predicate ground for termination, the Department must prove: (1)
the child was removed from the parent because of abuse or neglect; (2) the
Department has been the permanent or temporary managing conservator of the
child for at least nine months; (3) a court order “specifically established the
actions necessary for the parent to obtain the return of the child”; and (4)
the parent failed to comply with that order.  See id.

            Irene contends that the
Department offered no evidence to support the first three elements.  The
Department responds that the court was “intimately familiar with the case” and
“had all of the necessary information to find the elements of (O)” by referring
to the court’s file.  We construe the Department’s position as an assertion that
the trial court took judicial notice of its records and relied on the contents
of the case file to find the challenged elements.  We invited the parties to
file supplemental briefs on the issue of judicial notice, which they have done.

            This Court has recently
addressed judicial notice in the context of an asset forfeiture proceeding.

            A trial court may generally
take judicial notice of its own records in a case involving the same subject
matter between the same or practically the same parties.

 

            However, testimony from a
previous trial cannot be considered by the trial judge at a subsequent trial
unless it is admitted into evidence at the subsequent proceeding.

 

            The trial judge’s own memory
of what the witness may have said at the prior proceeding is insufficient to
substitute for an accurate and properly authenticated record of that
testimony.  A fact is not capable of accurate and ready confirmation simply
because a trial judge remembers that a witness testified to it in trial.  While
a court may take judicial notice of the existence of the testimony in a
co-defendant’s trial, as the trial court did in this case, a court may not take
judicial notice of the truth of the factual content of that testimony because
its accuracy can reasonably be questioned.

 

            A trial judge may not even
judicially notice testimony that was given at a temporary hearing in a family
law case at a subsequent hearing in the same cause without admitting the prior
testimony into evidence.  Further, while a court may judicially notice the
existence of an affidavit in its file, it may not take judicial notice of the
truth of the factual contents contained therein.

 

Davis v. State, No. 10-07-00368-CV, 2009 WL 2136394,
at *2 (Tex. App.—Waco July 15, 2009, no pet.) (citations omitted).

            The record does not
affirmatively indicate that the trial court took judicial notice of its records
in this case.  See Tranter v. Duemling, 129 S.W.3d 257, 262-63 (Tex. App.—El Paso 2004, no pet.); In re Harman Int’l Indus., Inc., No.
04-00-00256-CV, 2000 WL 1060516, at *2 (Tex. App.—San Antonio July 19, 2000,
orig. proceeding) (not designated for publication); Cardenas v. Gemar,
No. 07-96-00334-CV, 1997 WL 528670, at *2 (Tex. App.—Amarillo Aug. 27, 1997, no
pet.) (not designated for publication); McDaniel v. Hale, 893 S.W.2d 652,
674 (Tex. App.—Amarillo 1994, writ denied); Nat’l County Mut. Fire Ins. Co. v. Hood, 693 S.W.2d 638, 639 (Tex. App.—Houston [14th Dist.] 1985, no
writ).

            A court may take judicial
notice of appropriate matters sua sponte.  Brown v. Brown, 236 S.W.3d 343,
349 (Tex. App.—Houston [1st Dist.] 2007, no pet.); In re Graves, 217
S.W.3d 744, 751 (Tex. App.—Waco 2007, orig. proceeding); Barnard v. Barnard,
133 S.W.3d 782, 786 (Tex. App.—Fort Worth 2004, pet. denied); see Tex. R. Evid. 201(c) (“A court may take
judicial notice, whether requested or not.”).  But when the court does so, it
must at some point notify the parties that it has done so and give them an
opportunity to challenge that decision.  Harman Int’l Indus., 2000 WL
1060516, at *2; McDaniel, 893 S.W.2d at 673; see Tex. R. Evid. 201(e); Graves,
217 S.W.3d at 751; Tranter, 129 S.W.3d at 262-63.

            “A party is entitled upon
timely request to an opportunity to be heard as to the propriety of taking
judicial notice and the tenor of the matter noticed.  In the absence of prior
notification, the request may be made after judicial notice has been taken.”  Tex. R. Evid. 201(e).  According to
Professor Wellborn:[3]

It is implicit in Rule 201(e) that if a
court takes judicial notice of an adjudicative fact sua sponte, it must at some
point notify the parties that it has done so, so that they in fact receive the
opportunity to be heard granted by the rule.  This is probably required by the
Constitution as well as the rule.

 

1 Steven
Goode et al., Guide To the Texas Rules Of Evidence § 201.6 (3d ed. 2002)
(footnotes omitted).

            The constitutional dimension
of this issue was perhaps best explained by the United States Supreme Court in
a case procedurally similar to the case before us.

There is nothing in the records to
indicate that the trial judge did in fact take judicial notice of anything.  To
extend the doctrine of judicial notice to the length pressed by the respondent
would require us to allow the prosecution to do through argument to this Court what
it is required by due process to do at the trial, and would be “to turn the
doctrine into a pretext for dispensing with a trial.”  Furthermore, unless an
accused is informed at the trial of the facts of which the court is taking
judicial notice, not only does he not know upon what evidence he is being
convicted, but, in addition, he is deprived of any opportunity to challenge the
deductions drawn from such notice or to dispute the notoriety or truth of the
facts allegedly relied upon.  Moreover, there is no way by which an appellate
court may review the facts and law of a case and intelligently decide whether
the findings of the lower court are supported by the evidence where that
evidence is unknown.  Such an assumption would be a denial of due process.

 

Garner v. Louisiana, 368 U.S. 157, 173, 82 S. Ct. 248,
256-57, 7 L. Ed. 2d 207 (1961) (quoting Ohio Bell Tel. Co. v. Pub. Utils.
Comm’n, 301 U.S. 292, 302, 57 S. Ct. 724, 729, 81 L. Ed. 1093 (1937)); accord
Cobb v. State, 835 S.W.2d 771, 774 (Tex. App.—Texarkana 1992), rev’d on
other grounds, 851 S.W.2d 871 (Tex. Crim. App. 1993).

            The Department suggests that
a different rule may apply in bench trials than in jury trials.  However, we
are unaware of any authority which supports this proposition.  In fact, all but
one of the cases cited in this opinion on the issue of judicial notice arose
from non-jury proceedings.  See Garner, 368 U.S. at 161 n.5, 82 S. Ct. at
250 n.5; Ohio Bell Tel. Co., 301 U.S. at 294-300, 57 S. Ct. at 726-28; Davis,
2009 WL 2136394, at *1; Brown, 236 S.W.3d at 346; Graves, 217
S.W.3d at 746; Barnard, 133 S.W.3d at 785; Tranter, 129 S.W.3d at
258; Harman Int’l Indus., 2000 WL 1060516, at *1; Cardenas, 1997
WL 528670, at *1; Cobb, 835 S.W.2d at 773; Nat’l County Mut., 693 S.W.2d at 638; cf. McDaniel, 893 S.W.2d at 655-56.

            As Irene notes in her
supplemental brief, Rule of Civil Procedure 262 provides, “The rules governing
the trial of causes before a jury shall govern in trials by the court in so far
as applicable.”  Tex. R. Civ. P. 262. 
“Insofar as the judge’s duties involve factual determinations, he or she is in
all respects acting in a role analogous to that of the jury.”  4 Roy
W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 20:3
(2d ed. 2001).  Thus, the Department must prove its case in a bench trial by
presenting clear and convincing evidence to support each element of the alleged
ground(s) for termination just as in a jury trial.

            Here, the Department did not
ask the trial court to take judicial notice of any prior orders in its file or
of any other matters.  The court did not announce in open court that it was
taking judicial notice, nor did it recite in the termination decree that it had
done so.  Thus, we hold that the court did not take judicial notice.[4] 
See Garner, 368 U.S. at 173, 82 S. Ct. at 256-57; Tranter, 129
S.W.3d at 262-63; Harman Int’l Indus., 2000 WL 1060516, at *2; McDaniel,
893 S.W.2d at 673; Nat’l County Mut., 693 S.W.2d at 639.

            In a legal sufficiency
review, a court should look at all the evidence in the light most favorable to
the finding to determine whether a reasonable trier of fact could have formed a
firm belief or conviction that its finding was true.  To give appropriate
deference to the factfinder’s conclusions and the role of a court conducting a
legal sufficiency review, looking at the evidence in the light most favorable
to the judgment means that a reviewing court must assume that the factfinder
resolved disputed facts in favor of its finding if a reasonable factfinder
could do so.  A corollary to this requirement is that a court should disregard
all evidence that a reasonable factfinder could have disbelieved or found to
have been incredible.

 

In re J.F.C., 96 S.W.3d 256, 266 (Tex. 2002); In
re T.N.F., 205 S.W.3d 625, 630 (Tex. App.—Waco 2006, pet. denied).

            There was no testimony or
documentary evidence admitted at trial[5]
to establish that: (1) the
children were removed from Irene because of abuse or neglect; (2) the
Department had been the permanent or temporary managing conservator of the
children for at least nine months; or (3) the service plan with which Irene
failed to comply was incorporated in some court order which “specifically
established the actions necessary for [Irene] to obtain the return of the child[ren].” 
See Davis, 2009 WL 2136394, at *5 (“the trial court erred when it took
judicial notice of prior testimony without admitting a transcript of it into
evidence”); In re D.M.F., 283 S.W.3d 124, 133-34 (Tex. App.—Fort Worth
2009, pet. granted, judgm’t vacated w.r.m.) (“No specific order was submitted
into evidence or identified as being an order with which Jerry F. had not
complied.”); see also In re C.S., 208 S.W.3d 77, 82-83 (Tex. App.—Fort
Worth 2006, no pet.) (court’s file did not contain any prior order for inpatient
mental health services and such an order was not directly addressed at hearing
for order to authorize administration of psychoactive medication).

            Viewing all the evidence in
the light most favorable to the trial court’s decision, we hold that the evidence
is legally insufficient.  Accordingly, we sustain Irene’s second issue.

We reverse the judgment and render
judgment denying the Department’s petition for termination of the parent-child
relationship between Irene and her children C.L. and I.L.  We remand this cause
to the trial court for the limited purpose of rendering an order consistent
with section 161.205 of the Family Code.[6] 
See In re A.S., 261 S.W.3d 76, 93 & n.19 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

 

FELIPE REYNA

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Reversed and rendered
in part,

            Reversed
and remanded in part

Opinion
delivered and filed October 14, 2009

[CV06]

 









[1]
              To protect the
identity of the children who are the subject of this suit, we shall refer
hereinafter to the mother by the pseudonym “Irene.”  See Tex. Fam. Code Ann. § 109.002(d)
(Vernon 2008); Tex. R. App. P. 9.8(b)(2).

 





[2]
              The reporter’s
record consists of a single volume containing only 8 pages of testimony.





[3]
              Professor Olin Guy
Wellborn, III is the author of the chapter on judicial notice in the Guide
to the Texas Rules of Evidence.  See Steven Goode et al., Preface to
Steven Goode et al., Guide To the Texas Rules Of Evidence, at ix (3d ed. 2002).





[4]
              We do not mean to
suggest that judicial notice may not be used to establish one or more of the
elements of the Department’s case, but it must be employed in a manner
consistent with due process and consistent with the legal authorities discussed
in this opinion.

 





[5]
              The Department filed
a motion after submission asking that we supplement the record with the
transcript of a March 2008 “non-emergency removal hearing.”  The Department
would rely on this supplemental record to establish the first two elements of
its case.  However, the testimony from this hearing was not referred to at
trial. See Davis v. State, No. 10-07-00368-CV, 2009 WL 2136394, at *2 (Tex. App.—Waco July 15, 2009, no pet.) (“A trial judge may not even judicially notice
testimony that was given at a temporary hearing in a family law case at a
subsequent hearing in the same cause without admitting the prior testimony into
evidence.”); Gonzalez v. Villarreal, 251 S.W.3d 763, 777 & n.17
(Tex. App.—Corpus Christi 2008, no pet.) (declining to consider documentary
evidence not presented to trial court but attached to brief).  Therefore, the
motion is denied.





[6]
              According to section
161.205, “If the court does not order termination of the parent-child
relationship, the court shall: (1) deny the petition; or (2) render any order
in the best interest of the child.”  Tex.
Fam. Code Ann. § 161.205 (Vernon 2008).