

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00045-CV

_____

IN THE INTEREST OF S.W., A CHILD

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 82149

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

The Texas Department of Family and Protective Services (the Department) brought suit in Hunt County to terminate Trevor Dan's parental rights to his ten-year-old son, Stephen.[1] Following a trial to the bench, the trial court terminated Dan's parental rights. In doing so, the trial court found (1) under Section 161.001(b)(1)(N) of the Texas Family Code, that Dan constructively abandoned Stephen and (2) that, under Section 161.001(b)(1)(O) of the Texas Family Code, Dan failed to comply with a court-ordered service plan that established the actions necessary for him to obtain Stephen's return. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O) (West Supp. 2016).[2]

---

[1]In this opinion, we refer to the child and his father by pseudonyms in order to protect the child's identity. *See* TEX. R. APP. P. 9.8.

[2]The appropriate parts of Section 161.001 of the Texas Family Code state as follows:

> (b)   The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence:
>
> (1)   that the parent has:
>
> . . . .
>
> (N)   constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
>
> > (i)   the department has made reasonable efforts to return the child to the parent;
> >
> > (ii)   the parent has not regularly visited or maintained significant contact with the child; and
> >
> > (iii)   the parent has demonstrated an inability to provide the child with a safe environment;
>
> (O)   failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has

In this accelerated appeal, Dan argues that the evidence is factually insufficient to support termination under Grounds N and O.[3]  We find that factually sufficient evidence supported the termination of Dan's parental rights under Ground O.  Accordingly, we affirm the trial court's judgment.

## I.      Standard of Review

The Texas Supreme Court has taken the same position with regard to the termination of parental rights as that expressed by the United States Supreme Court, stating, "[T]he private interest affected is the right of a parent to raise his or her child, which is undeniably 'an interest far more precious than any property right.'" *In re J.F.C.*, 96 S.W.3d 256, 273 (Tex. 2002) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982)).  Recognizing that right, Texas goes to great lengths to protect parental rights in termination cases.  Of course, the right of the child to be safe from threat of harm must likewise be protected.  We strictly scrutinize termination proceedings in favor of the parent.  *In re S.K.A.*, 236 S.W.3d 875, 900 (Tex. App.—Texarkana 2007, pet. denied) (citing *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)).  To terminate an individual's parental rights to his child, clear and convincing evidence must show:  (1) that the parent has engaged in one of the statutory grounds for termination and (2) that termination is in the child's best interest.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016); *In re E.N.C.*, 384 S.W.3d 796, 798 (Tex.

---

been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child . . . .

TEX. FAM. CODE ANN. § 161.001.

[3]The trial court also found that termination of Dan's parental rights was in Stephen's best interests, but Dan does not challenge the best-interest finding.

3

2012); *In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002). The clear and convincing burden of proof has been defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *C.H.*, 89 S.W.3d at 23 (quoting *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam)); *see* TEX. FAM. CODE ANN. § 101.007 (West 2014). Due process demands this heightened standard. *E.N.C.*, 384 S.W.3d at 802 (citing *J.F.C.*, 96 S.W.3d at 263). Thus, in reviewing termination findings, we determine "whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the [Department's] allegations." *C.H.*, 89 S.W.3d at 25.

"In our review of factual sufficiency, we give due consideration to evidence the trial court could have reasonably found to be clear and convincing." *In re L.E.S.*, 471 S.W.3d 915, 920 (Tex. App.—Texarkana 2015, no pet.) (citing *In re H.R.M.*, 209 S.W.3d 105, 109 (Tex. 2006) (per curiam)). "We consider only that evidence the fact-finder reasonably could have found to be clear and convincing and determine '"whether the evidence is such that a fact[-]finder could reasonably form a firm belief or conviction about the truth of the . . . allegations."'" *Id.* (alteration in original) (quoting *H.R.M.*, 209 S.W.3d at 109 (quoting *C.H.*, 89 S.W.3d at 25)); *see J.F.C.*, 96 S.W.3d at 264, 266. "If, in light of the entire record, the disputed evidence that a reasonable fact[-]finder could not have credited in favor of the finding is so significant that a fact[-]finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *L.E.S.*, 471 S.W.3d at 920 (quoting *J.F.C.*, 96 S.W.3d at 266). "'[I]n making this determination,' we must undertake '"an exacting review of the entire record with a healthy regard for the

4

constitutional interests at stake.""" *Id.* (alteration in original) (quoting *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014)).

## II.     Factually Sufficient Evidence Supports the Ground O Finding

"Only one predicate finding under Section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest."[4] *In re K.W.*, 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.). Under Ground O, the Department was required to prove that Dan failed to comply with the provisions of a court order that established the actions necessary for him "to obtain the return of the child who had been in the permanent or temporary managing conservatorship of the Department . . . for not less than nine months as a result of the child's removal from the parent . . . for the abuse or neglect of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

Understandably, Dan does not challenge whether the record contained evidence establishing that he failed to comply with the court-ordered service plan or that Stephen was removed from his care due to the abuse or neglect of the child. Instead, Dan argues only that the evidence at trial was factually insufficient to prove that the Department was Stephen's permanent or temporary conservator for not less than nine months.

---

[4]Under Ground N, the Department was required to prove that Stephen had been in the permanent or temporary managing conservatorship of the Department for not less than six months and that "(i) the department ha[d] made reasonable efforts to return the child to the parent; (ii) the parent ha[d] not regularly visited or maintained significant contact with the child; and (iii) the parent ha[d] demonstrated an inability to provide the child with a safe environment." TEX. FAM. CODE ANN. § 161.001(b)(1)(N). Dan argues that the Department failed to present factually sufficient evidence establishing that he had an inability to provide the child with a safe environment. We need not address this argument given our finding that the evidence is factually sufficient to support Ground O.

Specifically, Dan notes that the only order awarding temporary managing conservatorship that was entered into evidence at trial was dated August 7, 2015, that trial was held on May 6, 2016, and that nine months had not yet passed when trial began.[5] Although Dan acknowledges that the clerk's record establishes that on July 17, 2015, the trial court entered an order naming the Department temporary sole managing conservator of Stephen, Dan asks us to ignore this order because "the trial court was never asked to take judicial notice of the court's file." Our sister court has previously rejected this exact argument, and we will do the same. *In re L.A.A.*, No. 04-14-00654-CV, 2015 WL 1089812, at *2 (Tex. App.—San Antonio Mar. 11, 2015, pet. denied) (mem. op.).

A "trial court is presumed to judicially know what has previously taken place in the case tried before it, and the parties are not required to prove facts that the trial court judicially knows." *In re S.J.S.*, No. 04-12-00067-CV, 2012 WL 2450817, at *6 (Tex. App.—San Antonio June 27, 2012, pet. denied) (mem. op.) (quoting *In re J.J.C.*, 302 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citation omitted)). "[I]n a bench trial, we may 'presume the trial court took judicial notice of its record without any request being made and without any announcement that it has done so.'" *In re K.N.D.*, No. 01-12-00584-CV, 2014 WL 3970642, at *7 (Tex. App.—Houston [1st Dist.] Aug. 14, 2014, no pet.) (mem. op. on reh'g) (quoting *In re K.F.*, 402 S.W.3d 497, 504 (Tex. App.—Houston [14th Dist.] 2013, pet. denied)); *see In re A.W.B.*, No. 14-11-00926-CV, 2012 WL 1048640, at *3 (Tex. App.—Houston [14th Dist.] Mar. 27, 2012,

---

[5]Cori Holden, a caseworker for the Department, testified that Stephen had been in the Department's care since July 2015.

no pet.) (mem. op.).  Therefore, the trial court's silence at trial will not prevent us from presuming that the trial judge took judicial notice of the adjudicative facts in its records in the same case.  *In re L.S.*, No. 02-16-00197-CV, 2016 WL 4699199, at *3 (Tex. App.—Fort Worth Sept. 8, 2016, no pet. h.) (mem. op.); *Estate of Hoskins*, No. 13-15-00487-CV, 2016 WL 4699193, at *11 (Tex. App.—Corpus Christi Sept. 8, 2016, no pet. h.); *but see In re C.L.*, 304 S.W.3d 512, 517 (Tex. App.—Waco 2009, no pet.).

The same court that heard evidence at trial signed the July 15, 2015, order appointing the Department temporary sole managing conservator of Stephen.  In ruling that the Department met the requirements of Ground O, we presume that the trial court took judicial notice of the date of the Department's appointment.  Accordingly, we find that the record contained factually sufficient evidence establishing that Stephen was in the "temporary managing conservatorship of the Department . . . for not less than nine months" and overrule Dan's factual sufficiency challenge to Ground O.  TEX. FAM. CODE ANN. § 161.001(b)(1)(O).

## III.    Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      October 5, 2016
Date Decided:        October 6, 2016


7