# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00174-CV

---

### T. M. and O. A., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 20-0618, THE HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

## T O   D E N I A L   O F   E N   B A N C   R E C O N S I D E R A T I O N

When seeking to involuntarily terminate parental rights, the Department's burden of proof at trial is "clear and convincing" evidence. *See* Tex. Fam. Code § 161.001(b); *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018); *A.C. v. Texas Dep't of Fam. & Protective Servs.*, 577 S.W.3d 689, 697 (Tex. App.—Austin 2019, pet. denied). In concluding that the Department satisfied that burden in this case, the Court relied on temporary orders that were made following hearings at which the Department was not required to present "clear and convincing" evidence. Because I believe that reliance on temporary orders alone could undermine the evidentiary standard that due process demands and that this Court, the Texas Supreme Court, and the United States Supreme Court require in termination proceedings, I dissent from the denial of rehearing and en banc reconsideration. *See* Tex. R. App. P. 41.2(c) (allowing en banc consideration when necessary to "secure or maintain uniformity of the court's decisions").

In this case, the district court terminated Mother's and Father's parental rights based on findings that Mother and Father had (1) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children, *see* Tex. Fam. Code § 161.001(b)(1)(E), (2) constructively abandoned the children, *see id.* § 161.001(b)(1)(N), and (3) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the child, *see id.* § 161.001(b)(1)(O). The Court concluded that the evidence was legally and factually sufficient as to all the elements of (O), including the requirement that the children were "removed for abuse or neglect."[1] *See T.M. v. Texas Dep't of Fam. and Protective Servs.*, No. 03-21-00174-CV, 2021 WL 4692471, at *8–9 (Tex. App.—Austin Oct. 8, 2021, no pet. h.) (mem. op.).

The Court acknowledged in its opinion that "the Department presented little evidence that the children were removed for abuse or neglect." *Id.* at *8. The Department caseworker had "testified that the children were removed after Mother tested positive for methamphetamine and that the Department had concerns about her homelessness, but there was no evidence about the extent of Mother's drug use or the family's living situation at the time of

---

[1] The Court also concluded that the evidence was legally sufficient but factually insufficient as to (E) and did not address the sufficiency of the evidence as to (N). *See T.M. v. Texas Dep't of Fam. and Protective Servs.*, No. 03-21-00174-CV, 2021 WL 4692471, at *7–9 (Tex. App.—Austin Oct. 8, 2021, no pet. h.) (mem. op.); *see also In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

removal." *Id*. However, the Court concluded that the trial court's temporary orders "provide[d] additional support for a finding of removal for neglect." *Id*. The Court focused on the language in the temporary orders, including language indicating that following a full adversary hearing, the trial court found that there was "a continuing danger to the [children's] physical health or safety" caused by an act or failure to act by the parents and that "continuation of the child[ren] in the home would be contrary to the child[ren]'s welfare." *See* Tex. Fam. Code § 262.201(g).

In my earlier opinion dissenting from the Court's judgment affirming the termination of Mother's and Father's parental rights, I explained why I believed the evidence was legally and factually insufficient to support the district court's finding that the children were "removed for abuse or neglect" as required by the (O) statutory ground for termination.[2] *See T.M. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00174-CV, 2021 WL 4692471, at *14–15 (Tex. App.—Austin Oct. 8, 2021, no pet. h.) (Triana, J., concurring and dissenting op.). I did not discuss in detail my disagreement with the Court's reliance on the temporary orders because I concluded that there was no evidence from any source to support the district court's finding that the children were "removed for abuse or neglect." *See id*. However, because Mother and Father have challenged the Court's reliance on the temporary orders in their motion for rehearing and en banc reconsideration, I believe the issue merits further discussion.

Over forty years ago, the Texas Supreme Court held that in proceedings to involuntarily terminate the parent-child relationship, the burden of proof should not be by a "preponderance of the evidence," as it is in most civil proceedings, but by "clear and convincing" evidence. *See In re G.M.*, 596 S.W.2d 846, 846–47 (Tex. 1980). The court

---

[2] I also concluded that the evidence was legally and factually insufficient as to the (E) ground and legally sufficient but factually insufficient as to the (N) ground. *See T.M. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00174-CV, 2021 WL 4692471, at *12–13, 15–18 (Tex. App.—Austin Oct. 8, 2021, no pet. h.) (Triana, J., concurring and dissenting op.).

3

explained that "the natural right between parents and their children is one of constitutional dimensions," "[t]he termination of this right is complete, final, and irrevocable," and termination "divests forever the parent and child of all legal rights, privileges, duties, and powers between each other except for the child's right to inherit." *Id*. at 846. "For these reasons the proceedings below must be strictly scrutinized." *Id*. The court then adopted the "clear and convincing" standard for termination proceedings, concluding that "[t]ermination is a drastic remedy and is of such weight and gravity that due process requires the state to justify termination of the parent-child relationship by proof more substantial than a preponderance of the evidence." *Id*. The United States Supreme Court later reached the same conclusion: "Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence." *Santosky v. Kramer*, 455 U.S. 745, 747–48 (1982). "Clear and convincing evidence" remains the standard today. *See In re J.F.-G.*, 627 S.W.3d 304, 311–12 (Tex. 2021).

However, in decisions affecting the parent-child relationship that do not involve the termination of parental rights, such as emergency removal and conservatorship determinations, the clear-and-convincing standard does not apply. *See* Tex. Fam. Code § 105.005 ("Except as otherwise provided by this title [governing suits affecting the parent-child relationship], the court's findings shall be based on a preponderance of the evidence."); *see also In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *In re Mata*, 212 S.W.3d 597, 605 (Tex. App.—Austin 2006, no pet.). The statutes that authorized the temporary orders in this case do not require "clear and convincing evidence" to support the trial court's findings. *See, e.g.*, Tex. Fam. Code §§ 262.102(a) (emergency order authorizing possession of child), .103 (extension of emergency order), .201(g) (full adversary hearing); *see also In re Texas Dep't of Fam. & Protective Servs.*, 623 S.W.3d 363, 369 (Tex. 2021) (Lehrmann, J., dissenting to denial of

4

mandamus) ("[T]he Department's burden at [a full adversary hearing] was not to prove its entire case but to establish emergency removal grounds, which focus on the existence of 'a continuing danger to the physical health or safety of the child' based on 'sufficient evidence to satisfy a person of ordinary prudence and caution.'"); *cf. id.* at n.5 ("By contrast, parental termination proceedings require clear and convincing evidence of both a statutory termination ground and the child's best interest."). Additionally, the temporary orders contain no statements indicating that the trial court made its findings by clear and convincing evidence, and we do not have the record of the full adversary hearing or any other hearing held prior to trial that would enable us to determine whether clear and convincing evidence supports the findings recited in the orders. Nevertheless, the Court relied on these temporary orders to conclude that the evidence was legally and factually sufficient to prove that the children were removed for abuse and neglect.

I believe such reliance risks undermining the "clear and convincing" standard that due process demands. "Clear and convincing evidence" means "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code § 101.007. "Our legal sufficiency review, therefore, must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the State bears the burden of proof." *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002). Similarly, our factual sufficiency review considers "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

In this case, the State alleged that the children were removed for abuse or neglect, and the State bore the burden of proof on that allegation by clear and convincing evidence. *See C.L.J. v. Texas Dep't of Fam. & Protective Servs.*, No. 03–13–00646–CV, 2014 WL 1203239, at

*6 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (mem. op.). I do not believe the trial court's temporary orders, standing alone, satisfy that burden. The orders may tell us what the trial court found prior to trial, but they do not reveal the facts underlying those findings or demonstrate that those facts, whatever they may be, are legally and factually sufficient to produce in the mind of the trier of fact a "firm belief or conviction" that the children were removed for abuse or neglect. Moreover, to the extent the trial court took judicial notice at trial of its temporary orders and the findings contained therein, it could not take judicial notice of the prior testimony or other evidence from the earlier proceedings in the case unless that evidence was admitted at trial. *See Guyton v. Monteau*, 332 S.W.3d 687, 692–93 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *In re C.L.*, 304 S.W.3d 512, 514–17 (Tex. App.—Waco 2009, no pet.). That did not happen here. Consequently, the temporary orders provide an inadequate basis to conclude that the Department satisfied its "clear and convincing" evidentiary burden.

In sum, due process requires that the Department prove its case at trial by clear and convincing evidence. Temporary orders do not satisfy that burden, and I believe the Court should not rely solely on them when reviewing the sufficiency of the evidence. Because the Court did so in this case, I dissent from the denial of en banc reconsideration.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Goodwin, Baker, Triana, Kelly, and Smith

Dissenting Opinion to Denial of En Banc Reconsideration
  Joined by Justice Baker

Filed: November 12, 2021