**Courtney GUYTON, Appellant,**

v.

**Cynthia Ann MONTEAU, Appellee.**

**No. 14–09–00804–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 13, 2011.

Don Duane Ford III, Paul Jason Brower, Houston, for Appellant.

A.G. Crouch, Alvin, for Appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

In this appeal from a probate proceeding, appellant Courtney Guyton challenges the trial court's denial of her application for appointment as successor administratrix of her father's estate. Because we conclude that the trial court abused its discretion in so ruling, we reverse and remand with instructions to the trial court to grant Guyton's request for appointment.

## I. BACKGROUND

After appellee Cynthia Monteau was removed as the administratrix of her late husband's estate, Guyton, the child of Monteau and the decedent, applied to be named the successor administratrix. Monteau opposed the application on the ground that Guyton had been convicted of a class C misdemeanor five years previously.

Guyton was the only witness to appear at the hearing on her application. She testified that she was willing to put the interests of the estate and its beneficiaries ahead of her own personal interest and that it was her intention to fund the trust created under the will and not to simply keep the estate's property for herself. She further agreed that if she was appointed as the successor administratrix and the attorney on behalf of the estate recommended filing suit to recover proceeds that should not have been removed from the estate, she would do so.[1] As to her misdemeanor conviction five years earlier, Guyton testified that when two checks that had been stolen from her were returned for insufficient funds, she paid them, but she discovered that a third check was written and returned only when she learned that a warrant had been or was about to be issued. She stated that she went to the police department, turned herself in, and paid the amount due because it was the fastest, easiest way to resolve the matter. She further testified that if she had known about the third check earlier, she would have paid it as she paid the two other stolen checks.

The trial court concluded that the conviction was insufficient to disqualify Guyton from appointment as successor administratrix. After both sides rested, however, Monteau's counsel stated that the trial court was not limited to evidence presented at the hearing, but could "consider what would be inimical to the interest of the estate." Monteau's counsel further asked the trial court to reopen the evidence so the trial court could be asked to take judicial notice of its file "and all proceedings that have taken place incident to the file." Over the objections of Guyton's counsel, the trial court granted the motion, and stated that it would "take notice of everything that's in the Court's file which would include the will, the original application, the proof of death and other facts, and all that stuff as well as every procedure and hearing that's taken place since."

---

1. *See* TEX. PROB.CODE ANN. § 225 (Vernon 2003) (a successor appointee may bring suit against the predecessor appointee "for all the estate that came into the hands of the predecessor and has not been accounted for"); *id.* § 233(a) (requiring the personal representative of an estate to use ordinary diligence to collect the estate's claims, debts, and property, and imposing personal liability on the representative who willfully neglects to use such diligence).

After taking judicial notice of material spanning more than twelve-and-a-half years, the trial court ruled that Guyton was unsuitable to serve as the successor administratrix due to "family discord," hostility between Guyton and her mother, and a "potential conflict of interest" described in the trial court's conclusions of law as follows:

> Mr. Ford represents Courtney Guyton in her individual capacity, i.e. in filing the motion to remove and appoint herself as the personal representative. If Courtney Guyton were to be appointed as the personal representative of the estate, who would the estate's lawyer be? It cannot be Mr. Ford, because he cannot ethically represent Courtney Guyton individually and the estate if they have competing interests. Therefore, because of this potential conflict, the estate could be required to retain additional counsel at additional expense.

The trial court accordingly denied Guyton's application and, on its own motion, appointed a local probate attorney as the dependent successor administrator.

Guyton obtained original and additional findings of fact and conclusions of law and timely appealed, arguing that the evidence is legally insufficient to support the trial court's finding that she is unsuitable to serve as the administratrix of her father's estate.[2]

## II. ANALYSIS

■ Because they are beneficiaries under their father's will and his heirs at law, Courtney Guyton and her sister have priority over any other applicant to serve as the successor administratrix of his estate after their mother was removed from that position. *See* TEX. PROB.CODE ANN. § 77(d), (e) (Vernon 2003). Nevertheless, a person whom the court "finds unsuitable" is not qualified to serve as the administrator of an estate. *Id.* § 78(e). When, as here, the applicant is among those whom the legislature has granted priority, the party opposing the appointment has the burden of establishing the applicant's disqualification. *In re Estate of Robinson,* 140 S.W.3d 801, 805 (Tex.App.-Corpus Christi 2004 pet. dism'd); *Powell v. Powell,* 604 S.W.2d 491, 493–94 (Tex.Civ.App.-Dallas 1980, no writ). Thus, as the only opponent of Guyton's appointment, Monteau bore the burden in the trial court to prove Guyton's unsuitability to serve as the successor administratrix of the estate.

■ Neither the legislature nor the Texas Supreme Court has defined the term, "unsuitable" as it is used in section 78 of the Probate Code. *See Boyles v. Gresham,* 158 Tex. 158, 163, 309 S.W.2d 50, 53–54 (1958). The determination of suitability therefore lies within the trial court's broad discretion. *Kay v. Sandler,* 704 S.W.2d 430, 433 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.). Such discretion is not unbridled, however, and its exercise is subject to review for abuse. *See Eastland v. Eastland,* 273 S.W.3d 815, 820 (Tex.App.-Houston [14th Dist.] 2008, no pet.). The trial court abuses its discretion if its determination that the applicant is unsuitable is arbitrary or unreasonable. *Robinson,* 140 S.W.3d at 807. We find such abuse only when the trial court's decision is arbitrary, unreasonable, and

---

**2.** Guyton presented a second issue, which is in substance a subsidiary argument to her legal-sufficiency challenge. In this subsidiary argument, Guyton argues that by using family discord as the sole basis for disqualification, the trial court improperly applied the law to the established facts of the case; however, the trial court's findings of fact and conclusions of law establish that "family discord" was only one of three reasons the trial court gave for its decision.

without reference to guiding principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996).[3]

Here, the trial court's findings of fact and conclusions of law reveal that its ruling was made without reference to guiding principles. Specifically, the trial court identified three reasons, each stated as a conclusion of law, for its ruling that Guyton is unsuitable to serve as the successor administratrix of her father's estate. One reason concerns a "potential conflict of interest," discussed *infra*. The trial court also concluded that "[t]here is ample evidence of family discord and anger between Courtney Guyton and Cynthia Monteau, as well as other members of the decedent's family." Finally, the trial court stated that "[t]he relationship between daughter (Applicant Courtney Guyton) and mother (removed Executrix [sic] Cynthia Monteau) can best be described as 'inimical.'"

Assuming that family discord or an applicant's feelings toward other members of the decedent's family could be a sufficient basis for disqualification,[4] we nevertheless conclude that the trial court abused its discretion by ruling that Guyton is unsuitable to serve as successor administratrix for any of the stated reasons.

**A. No allegations of anger, family discord, interests inimical to those of Monteau, or a "potential conflict of interest" were properly before the trial court.**

■ As noted, the burden rests on those opposing an applicant's appointment to al-

---

**3.** Although Guyton framed her appellate arguments as a challenge to the legal sufficiency of the evidence, review of evidentiary sufficiency is part of our abuse-of-discretion review rather than an independent ground for reversal. *See In re Estate of Boren*, 268 S.W.3d 841, 846 (Tex.App.-Texarkana 2008, pet. denied). Findings of fact and conclusions of law can be helpful even where, as here, we review the trial court's ruling for abuse of discretion; however, we are not obliged to give them the same level of deference we afford to findings that are measured by evidentiary sufficiency alone. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 442 (Tex.1997).

**4.** We have found no binding precedent that such grounds are sufficient to disqualify an applicant who otherwise is entitled to priority. In *Boyles v. Gresham*, the Texas Supreme Court included the sentence, "There was no evidence that [the applicant] was hostile to the heirs of [the decedent]." 158 Tex. at 160, 309 S.W.2d at 51. The court accordingly was not presented with the question of whether evidence of such hostility would be an adequate independent basis for finding the applicant unsuitable. Additionally, in three cases decided by the intermediate appellate courts, "family discord" was listed among the reasons for affirming the trial court's finding that an applicant was unsuitable. *See, e.g., Ayala v. Brittingham*, 131 S.W.3d 3, 9 (Tex.App.-San Antonio 2003) (op. on reh'g), *rev'd on other grounds sub nom. De Ayala v. Mackie*, 193 S.W.3d 575 (Tex.2006); *Dean v. Getz*, 970 S.W.2d 629, 634 (Tex.App.-Tyler 1998, no pet.); *Spies v. Milner*, 928 S.W.2d 317, 319 (Tex.App.-Fort Worth 1996, no writ). But, there is no authority underlying this line of cases: the *Ayala* court cited *Dean;* the *Dean* court cited Spies; and the Spies court cited no authority for the proposition that the presence of "family discord" supported a finding of unsuitability. Moreover, the "discord" appears in each case to have been a conflict of interest between the applicant and the estate. *See, e.g., Ayala*, 131 S.W.3d at 9 (executrix filed suit to set aside a marital agreement and claimed part of the estate as her community property); *Dean*, 970 S.W.2d at 634 (trial court did not abuse its discretion in concluding that applicant's "interests were adverse to the estate and its beneficiaries" in that she would likely have to sue *herself* as well as the other beneficiaries to clear title to estate's real property); *Spies*, 928 S.W.2d at 319 (applicant admitted that before the testator's death, applicant took money from the testator's bank account and used the money without the permission of the guardian of the testator's estate). Such conflicts are sufficient for disqualification without regard for any accompanying "family discord." *See Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex. App.-San Antonio 1996, no writ).

lege and prove grounds for disqualification. *Dooley v. Dooley*, 240 S.W. 1112, 1113 (Tex.Civ.App.-Beaumont 1922, no writ). Here, however, none of the reasons given by the trial court for its decision was asserted by any interested party. Prior to the hearing, the only objection to Guyton's appointment was her mother's assertion that a misdemeanor conviction five years earlier rendered Guyton unsuitable, and the trial court rejected this as a basis for disqualification. After the initial close of evidence, Guyton's counsel stated that "the Court can consider what would be inimical to the interest *of the estate.*" (emphasis added). But, the trial court did not find that Guyton's appointment would be inimical to the interests of the estate, nor would the evidence support such a finding. Guyton's feelings about members of her family and the "potential conflict of interest" described by the trial court were never placed at issue, but instead were raised by the trial court *sua sponte* after the hearing and without notice to the parties.

■ To permit the trial court on its own motion to raise additional grounds for disqualifying an applicant would arguably shift the burden of proof from the person opposing the application. *Cf. Robinson*, 140 S.W.3d at 805; *Powell*, 604 S.W.2d at 493–94. This court has stated that an opponent's objection to an applicant's suitability need not be in writing, and taken out of context, the statement could be read to suggest that the trial court can find an applicant unsuitable on its own motion. *See In re Estate of Gaines*, 262 S.W.3d 50, 57 (Tex.App.-Houston [14th Dist.] 2008, no pet.) ("Nothing in [sections 78 or 178 of the Probate Code] requires the filing of a motion or opposition to disqualify an applicant before the court can find a person

unsuitable.").1 In Gaines, however, the independent executrix named in the decedent's will was disqualified by the trial court on the basis of a verbal motion by counsel for the decedent's brother. *Id.* at 56. Unlike the present case, the applicant in *Gaines* was notified of the grounds at issue, which were raised by an interested person and tried by consent. *See id.*

Assuming, however, that the trial court may find an applicant unsuitable for reasons not asserted or argued by any interested party, there is no evidence in the record to support the trial court's denial of Guyton's application.

**B. No evidence supports the trial court's ruling.**

■ The transcript of the hearing reveals a complete absence of evidence about the "potential conflict of interest" described by the trial court and about Guyton's relationship with or feelings toward any member of her family. The findings of fact, however, show that the trial court's ruling was based on its judicial notice of all documents and testimony ever admitted in this case on any subject.[5]

■■ Such sweeping judicial notice of all documents and testimony in the twelve-year history of the case was an abuse of discretion under well-established case law and evidentiary rules. A judicially-noticed fact "must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." TEX.R. EVID. 201(b). But "[p]ersonal knowledge is not judicial knowledge. The judge may personally

---

5. As the trial court stated in its findings of fact, "[T]here have also been other documents and affidavits and testimony offered by both parties throughout the history of this case, and the Court was asked to take judicial notice of the entire file and testimony."

know a fact of which he cannot take judicial notice." *Wilson v. State,* 677 S.W.2d 518, 524 (Tex.Crim.App.1984). Moreover, the trial court may not take judicial notice of the *truth* of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file. *See, e.g., In re C.L.,* 304 S.W.3d 512, 514–15 (Tex.App.-Waco 2009, no pet.); *Malekzadeh v. Malekzadeh,* Nos. 14–05–00113–CV & 14–06–00341–CV, 2007 WL 1892233, at *9 (Tex.App.-Houston [14th Dist.] 2007, pet. denied) (mem. op.); *Tschirhart v. Tschirhart,* 876 S.W.2d 507, 508 (Tex.App.-Austin 1994, no writ); *cf. In re C.S.,* 208 S.W.3d 77, 81 (Tex.App.-Fort Worth 2006, pet. denied) ("It is appropriate for a court to take judicial notice of a file in order to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of the hearing.").

 It is inappropriate for a trial judge to take judicial notice of testimony even in a retrial of the same case. *Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex. Civ.App.-San Antonio 1985, writ ref'd n.r.e.); *see also Garza v. State,* 996 S.W.2d 276, 280 (Tex.App.-Dallas 1999, pet. ref'd) ("[T]rial testimony is a mutable product of human memory and subject to different interpretations. It does not carry the high degree of indisputability required to justify taking judicial notice."). In order for testimony from a prior hearing or trial to be considered in a subsequent proceeding, the transcript of that testimony must be properly authenticated and entered into evidence. *See, e.g., In re M.C.G.,* 329 S.W.3d 674, 675 (Tex.App.-Houston [14th Dist.] 2010, no pet.) (supp. op. on reh'g) (clarifying that this court did not consider testimony from a prior hearing where the testimony was not offered and admitted into evidence at the subsequent trial).

 When evidence is the subject of improper judicial notice, it amounts to no evidence. *See, e.g., Augillard v. Madura,* 257 S.W.3d 494, 503 n. 14 (Tex.App.-Austin 2008, no pet.) (finding evidence legally insufficient to support judgment where trial court took judicial notice of testimony from a hearing held thirteen months earlier in the same case, but the evidence was not offered in the second hearing); *Paradigm Oil, Inc. v. Retamco Operating, Inc.,* 161 S.W.3d 531, 540 (Tex.App.-San Antonio 2004, pet. denied) (finding evidence legally insufficient to support damage award based on trial court's judicial notice of evidence offered at a hearing nine months earlier in the same case). Here, the only evidence presented on the issue of Guyton's suitability supported her application for appointment. The record contains no evidence supporting Guyton's disqualification on the grounds of family discord, anger, or any conflict of interest, and the testimony and evidence presented in connection with other matters was not subject to judicial notice for the purpose of evaluating Guyton's suitability for appointment.

We therefore conclude that the trial court abused its discretion by denying Guyton's application for appointment based solely on evidence that was not properly before the court.

## C. The ruling cannot be affirmed based on the "potential conflict of interest" described by the trial court.

 Although Monteau suggests that the trial court's ruling could be affirmed based on the "potential conflict of interest" described by the trial court, we disagree. The Texas Disciplinary Rules of Professional Conduct applicable to attorneys "are not designed to be standards for procedural decisions." *See* Tex. Disciplinary R. Prof'l Conduct preamble ¶ 15, *reprinted*

*in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005).

Significantly, the trial court's conclusion is based on the related but erroneous assumptions that (1) if Guyton's attorney could not serve as the estate's legal counsel, then Guyton could not serve as the estate's dependent administrator; and (2) the estate would incur less expense if the administrator is an attorney. But, the estate administrator is not prohibited from retaining counsel for the estate. *See* Tex. Prob.Code Ann. § 242 (personal representatives are entitled to recover "all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate, on satisfactory proof to the court"). This is true whether the trial court appointed Guyton or anyone else—including an attorney—to administer the estate. Moreover, the executor or administrator is entitled to be compensated for his or her services. *See id.* § 241 (executors and administrators are entitled to compensation for administration of the estate in compliance with the Probate Code). Again, this is true whether the trial court appointed Guyton or anyone else—including an attorney. Thus, there is no basis for the assumption that appointing Guyton as the successor administratrix would increase the estate's expenses; the estate can be charged separately for both legal services and estate-administration services even when both services are performed by the same person. *See Burton v. Bean,* 549 S.W.2d 48, 51–52 (Tex.Civ.App.-El Paso 1977, no writ) (a person who serves both as the estate's executor and its attorney can recover fees for legal services in addition to compensation for serving as the executor).

In sum, Monteau's failure to allege and prove Guyton's unsuitability to serve as the successor administratrix was not remedied by the trial court's assertion of additional grounds, its improper judicial notice of all prior testimony and documents admitted in the case, or its speculation about a potential conflict of interest. Thus, we sustain the issues presented by Guyton on appeal.

### III. Conclusion

Because the trial court's findings of fact and conclusions of law reveal that it failed to analyze or apply the law correctly, its denial of Guyton's application was an abuse of discretion. *See In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 642–43 (Tex.2009) (orig. proceeding). We therefore reverse the trial court's order appointing Matthew B. Edquist successor dependent administrator and remand with instructions to the trial court to grant Guyton's application for appointment.