Opinion filed November 21, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00330-CV

_____

## WILLIE ABALOS, JR., Appellant

## V.

## WENDIE CAROL ABALOS, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. FM-50,265**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a divorce proceeding involving a minor child. Appellant, Willie Abalos, Jr., raises two issues for our review, both of which are related to child support. Because we find that the trial court abused its discretion when it ordered Appellant to pay a total amount of $5,500 in child support, we reverse and remand in part and affirm in part.

In his first issue, Appellant argues that the trial court abused its discretion when it ordered him to pay $2,100 per month to Appellee, Wendie Carol Abalos, as child support for the parties' minor child and $3,400 per month to Appellee for tuition at Evangel House Christian Academy as additional child support. Appellant argues that the trial court did not follow the child support guidelines under the Texas Family Code when it set the child support amount. Appellant asserts in his second issue that the trial court erred when it failed to file its findings of fact and conclusions of law under the Texas Rules of Civil Procedure and under the Texas Family Code.

We will first address Appellant's second issue. Appellant filed his request for findings of fact and conclusions of law on October 17, 2011. He requested findings under TEX. R. CIV. P. 296. The trial court's findings of fact and conclusions of law were due on or about November 7, 2011. *See* TEX. R. CIV. P. 297. Appellant did not file a proper past-due notice as required under Rule 297. Although Appellant's notice of appeal contained a statement that the findings of fact and conclusions of law had not been filed as of November 11 and November 14, 2011, the notice did not contain a statement of when the request was filed or when the findings were due as required by Rule 297. Because Appellant did not file a proper past-due notice, he has waived his complaint on appeal that the trial court erred when it failed to file findings of fact and conclusions of law under Rule 297. *Las Vegas Pecan & Cattle Co. v. Zavala Cnty.*, 682 S.W.2d 254, 255–56 (Tex. 1984).

In addition to his Rule 297 argument, Appellant also argues that the trial court was required to make certain findings under the Texas Family Code because the court deviated from the Code's child support guidelines. Section 154.130 of the Texas Family Code requires the trial court to make certain findings when it renders an order of child support if (1) a party files a written request for findings

within ten days of the hearing, (2) a party makes an oral request at the hearing, or (3) the amount of child support ordered by the trial court varies from the amount calculated when the percentage guidelines are applied. TEX. FAM. CODE ANN. § 154.130(a) (West Supp. 2013).

In situations where the obligor's net resources exceed $7,500 per month, the trial court shall apply the percentage guidelines to the first $7,500 of the obligor's net resources. *Id.* § 154.126(a) (West 2008). Appellee agreed that, at a prior hearing, it was revealed that Appellant made approximately $16,000 to $17,000 a month. Appellant did not produce any evidence to the contrary. Under the percentage guidelines, child support amount for one child is set at twenty percent of net monthly resources. *Id.* § 154.125(b) (West Supp. 2013). When the percentage guidelines are applied to the first $7,500 of Appellant's net resources, he is required to pay $1,500 per month in child support. Appellant agreed that he would pay the maximum amount based on $7,500 of net monthly resources. Therefore, the amount of $1,500, as calculated under the percentage guidelines, is not in dispute.

The amount of additional support awarded by the trial court is, however, in dispute. Under the Family Code, the trial court may order the payment of child support in addition to the amount provided in the percentage guidelines depending on the income of the parties and the proven needs of the child. *Id.* § 154.126(a). The percentage guidelines do not apply to the additional amount of child support awarded. *Id.* "Because the percentage guidelines do not apply to net monthly resources exceeding [$7,500], section 154.130 does not apply to child support awarded from those resources." *Yarbrough v. Yarbrough*, 151 S.W.3d 687, 692 (Tex. App.—Waco 2004, no pet.) (citing *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 528–29 (Tex. App.—Houston [1st Dist.] 1994, no writ.)). Therefore, the trial court was not required to make certain findings under Section 154.130(a)(3).

Furthermore, the final hearing was held on December 6, 2010. Appellant did not file his request for findings within ten days of the hearing, nor did he make an oral request for findings at the hearing. Thus, the trial court was also not required to file findings under Section 154.130(a)(1) or (2). The trial court did not err when it did not file findings of fact or conclusions of law under the Texas Rules of Civil Procedure or under the Texas Family Code. We overrule Appellant's second issue.

In his first issue, Appellant asserts that the trial court abused its discretion when it ordered him to pay a total amount of $5,500 in child support. When the trial court does not render findings of fact and conclusions of law, we presume that it made all the necessary findings to support its judgment as long as the record supports such findings. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986).

The trial court ordered Appellant to pay $2,100 per month in child support to Appellee. In addition, the trial court ordered Appellant to pay $3,400 per month to Appellee for tuition payments to Evangel House Christian Academy, where the minor child resided. The trial court ordered the tuition payments as additional child support. The cost of tuition at Evangel House was $5,400 per month.

Under the child support guidelines in the Texas Family Code, the trial court was required to apply the percentage guidelines to the first $7,500 of Appellant's net resources as discussed above. *See* FAM. § 154.126(a). Depending on the income of the parties and the proven needs of the child, the trial court was permitted to order additional amounts of child support as appropriate. *Id.* "The proper calculation of a child support order that exceeds the presumptive amount . . . requires that the entire amount of the presumptive award be subtracted from the proven total needs of the child." *Id.* § 154.126(b). The trial court shall allocate the remaining amount between the parties according to the parties' circumstances. *Id.*

4

However, the obligor may not be ordered to pay child support that exceeds 100% of the proven needs of the child. *Id.*

The only monetary figure established at the final hearing for the expenses of the minor child was $5,400, the cost of tuition at the boarding school. Appellee testified that she had used the child support money that she received from Appellant to take the child shopping, to buy her things that she needed, and for travel expenses; however, Appellee did not provide a monetary amount that was necessary to cover such expenses.

Appellee argues that the child support evidence is unclear because the trial court took judicial notice of all the prior proceedings. She argues that, even though such proceedings are not a part of the appellate record, it is presumed that the trial court made the proper findings. We disagree with this assertion. When the trial court does not file findings of fact and conclusions of law, the trial court is presumed to have found facts in favor of its judgment *if* there is evidence to support the judgment. *Allen*, 717 S.W.2d at 313. Here, there is no evidence to support the trial court's order that Appellant pay an amount of $5,500 per month in child support. As Appellee points out, the prior proceedings are not before us on appeal. Furthermore, it was not proper for the trial court to take judicial notice of the truth of factual statements contained in prior testimony for evidentiary purposes. *Guyton v. Monteau*, 332 S.W.3d 687, 692–93 (Tex. App.—Houston [14th Dist.] 2011, no pet.). In order for testimony from prior hearings to be considered in the final hearing, the transcripts from the prior hearings must be properly authenticated and admitted into evidence. *Id.* at 693. When the trial court takes improper judicial notice of evidence, the evidence amounts to no evidence at all. *Id.*

Therefore, assuming that boarding school was a proven need of the child, the total amount required to cover such need was $5,400. No other evidence was

presented to show the needs of the child.  The trial court ordered Appellant to pay a total amount of $5,500 in child support.  This amount was more than 100% of the proven needs of the child as shown in the evidence.  The trial court abused its discretion when it ordered Appellant to pay for more than 100% of the proven needs of the child.  Appellant's first issue on appeal is sustained.

We reverse the trial court's judgment only insofar as it ordered that Appellant pay child support in the amount of $2,100 and in the additional amount of $3,400 per month.  We remand the cause to the trial court for it to determine the proper amount of child support to be paid by Appellant.  In all other respects, we affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 21, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6