**Order filed February 3, 2015.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-13-00007-CV

———————

### STEPHEN D. FOX, Appellant

### V.

### MIRNA A. ALBERTO, Appellee

---

**On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 2009-54595**

---

## ORDER

This court issued an opinion and judgment on December 11, 2014. Appellant Stephen D. Fox has filed three motions, with the following titles: "Appellant's Rule 49.1 Motion for Rehearing," "Appellant's Motion to Abate Appeal," and "Appellant's Motion to Take Judicial Notice." Other than the titles and prayers, the text of these three motions is virtually identical.

This court gives effect to the substance, rather than the form or title, of Fox's motions. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980). Part of each motion is a motion under Texas Rule of Evidence 201 for this court to take judicial notice of the contents of its files in two cases: (1) *In re Fox*, No. 14-12-00439-CV, and (2) *Fox v. Alberto*, No. 14-12-00439-CV (hereinafter collectively the "Other Cases").

An appellate court has the power to take judicial notice for the first time on appeal. *See MCI Sales & Service, Inc. v. Hinton*, 329 S.W.3d 475, 484 n.7 (Tex. 2010). To be the proper subject of judicial notice, an adjudicative fact must be either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Tex. R. Evid. 201(b); *MCI Sales & Service, Inc.*, 329 S.W.3d at 484 n.7. Judicial notice is mandatory if requested by a party and if the court is supplied with the necessary information. *See* Tex. R. Evid. 201(d); *MCI Sales & Service, Inc.*, 329 S.W.3d at 484 n.7.

This court may take judicial notice of the existence of the documents filed with this court in the Other Cases and the times at which those documents were filed with this court. Though these facts are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, these facts are not relevant to the resolution of this appeal. Nonetheless, appellate courts faced with this situation have taken judicial notice of the facts and then concluded that the facts are not relevant to the resolution of the appeal. *See MCI Sales & Service, Inc.*, 329 S.W.3d at 484 n.7.; *Oistad v. Baker & Hostetler, L.L.P.*, No. 01-05-00493-CV, 2006 WL 488594, at *6, n.7 (Tex. App.— Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem. op.). Accordingly, to the extent Fox moves this court to take judicial notice in each of his motions as to the existence of the documents filed with this court in the Other Cases and the times at

2

which those documents were filed with this court, we grant this relief and conclude that those facts are not relevant to the analysis and disposition of this appeal. *See MCI Sales & Service, Inc.*, 329 S.W.3d at 484 n.7.; *Oistad*, 2006 WL 488594, at *6, n.7. To the extent Fox moves this court to take judicial notice as to the truth of the statements contained in these documents or the authenticity or accuracy of these documents, Fox has not shown that these facts are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See Guyton v. Monteau*, 332 S.W.3d 687, 692–93 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Accordingly, we deny any other request for judicial notice in Fox's motions.

In part of each motion, Fox asserts that this court should abate this appeal and order Judge Underwood to conduct another recusal hearing. Because this relief is inconsistent with this court's prior opinion and judgment, the substance of these parts of the motions is a motion for rehearing. In the remaining portions of each motion, the substance of the relief sought also is a motion for rehearing. Concluding that Fox is not entitled to rehearing and that this court should not modify, vacate, or withdraw its opinion or judgment of December 11, 2014, we deny the remainder of the relief sought in Fox's motions.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.