

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00098-CV

In the Interest of **N.C.H.-M.** Jr. and C.A.H.-M.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-02745
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  August 8, 2018

AFFIRMED

In three issues, Nick[1] appeals the trial court's judgment terminating his parental rights to

his two children, N.C.H.-M. and C.A.H.-M. We affirm.

### BACKGROUND

The Department of Family and Protective Services filed a petition to terminate Nick's

parental rights. The case was tried to the court. At the conclusion of the trial, the trial court said it

was terminating Nick's parental rights based on three statutory grounds. The trial court later signed

a judgment terminating Nick's parental rights. The judgment included five statutory grounds for

terminating Nick's parental rights. Nick appealed.

---

[1]We refer to appellant by a fictitious name to protect the children's identities. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8.

## STATUTORY GROUNDS NOT ORALLY RENDERED

In his first issue, Nick argues the trial court erred because its termination judgment included two grounds for termination that it did not orally render. At the end of the trial, the trial court stated that it was terminating Nick's parental rights based on three statutory grounds, subsections 161.001(b)(1)(N), (O), and (P). *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (West Supp. 2017). However, the judgment signed by the trial court bases the termination on subsections 161.001(b)(1)(N), (O), and (P), and two additional statutory grounds, subsections 161.001(b)(1)(D) and (E). *See id.* As we have previously held, when there is an inconsistency between a written judgment and an oral pronouncement of judgment in a parental termination case, the written judgment controls. *See In re J.J.S.*, No. 04-14-00793-CV, 2015 WL 794012, at *1 (Tex. App.—San Antonio Feb. 25, 2015, no pet.); *In re A.C.*, No. 04-12-00679-CV, 2013 WL 352449, at *2 (Tex. App.—San Antonio Jan. 30, 2013, pet. denied). We overrule Nick's first issue.

## HEARSAY OBJECTIONS

In his second issue, Nick argues the trial court erred in overruling two hearsay objections to the caseworker's testimony at trial. We review the trial court's decision to admit evidence for an abuse of discretion. *In re J.F.C.*, 96 S.W.3d 256, 285 (Tex. 2002). We must uphold a trial court's evidentiary ruling if there is any legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Before we can reverse a trial court's judgment because of the erroneous admission of evidence, we must conclude the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a). The erroneous admission of evidence is harmless if the evidence is merely cumulative of evidence admitted elsewhere at trial. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008); *In re E.A.K.*, 192 S.W.3d 133, 148 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

Nick first complains about the admission of testimony concerning the circumstances that caused the children to come into the Department's care. At the beginning of the trial, the Department asked the caseworker what circumstances had caused the children to come into the Department's care. In response, Nick made a hearsay objection. After the trial court overruled the hearsay objection, the caseworker testified that "substance abuse and domestic violence" caused the children to come into the Department's care. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). The trial court could have concluded that the caseworker's testimony was not inadmissible hearsay. The caseworker did not relay an out-of-court statement. The caseworker, who had knowledge of the case, explained what had prompted the Department's involvement in this case. *See Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995) (concluding that out-of-court statements offered to show how the defendant became a suspect in an investigation were not inadmissible hearsay).

Additionally, other testimony about Nick's substance abuse was admitted at trial. Specifically, the caseworker testified that Nick had tested positive for methamphetamines, had criminal charges pending against him for possession of a controlled substance, and had publicized his marijuana use on social media. Nick did not object to this testimony. The record also contains other testimony that Nick had been the perpetrator of domestic violence. Again, Nick did not object to this testimony. Therefore, even if it was error for the trial court to overrule Nick's first hearsay objection, the error was harmless. *See In re R.H.W.*, 542 S.W.3d 724, 740 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (concluding that even if the trial court erred by admitting hearsay testimony, the error was harmless because similar evidence was admitted elsewhere without objection).

Next, Nick complains about the admission of testimony that he had a history of drug abuse. When the Department asked the caseworker if Nick's history included drug abuse, Nick made a hearsay objection. After the trial court overruled the hearsay objection, the caseworker confirmed that Nick's history included drug abuse. Again, the record shows that other testimony about Nick's drug use was admitted at trial without objection. Therefore, even if it was error for the trial court to have overruled Nick's second hearsay objection, the error was harmless. *See id*. We overrule Nick's second issue.

### JUDICIAL NOTICE OF PRETRIAL TESTIMONY

In his third issue, Nick argues the trial court erred in taking judicial notice of testimony from pretrial hearings because "the testimony from the earlier hearings was not authenticated and entered in evidence." *See Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("In order for testimony from a prior hearing or trial to be considered in a subsequent proceeding, the transcript of that testimony must be properly authenticated and entered into evidence.").

During trial the Department asked the trial court to take judicial notice of the affidavits on file and prior orders and testimony from the pretrial hearings in this case. The trial court ruled that it would take judicial notice of the testimony from the pretrial hearings to the extent the testimony "was not objected to and sustained." The following exchange then occurred between Nick's trial counsel and the trial court:

Counsel: I have to object to the judicial notice being taken of prior testimony.

Court: The testimony?

Counsel: The testimony itself; yes, Your Honor.

Court: But you objected to it?

Counsel: Sorry?

Court:      If it was objected to—

Counsel:   Yes.

Court:      I understand the objection. That's going to be overruled because I did make the provision that the prior testimony, if objected to and sustained, would not be taken judicial notice of. And then, I guess your objection is preserved if it was wrongfully overruled.

Counsel:   Thank you.

As shown above, at trial, Nick made a general objection to the trial court taking judicial notice of the pretrial testimony, rather than a specific objection on the basis that "the testimony from the earlier hearings was not authenticated and entered in evidence." Furthermore, the record indicates the trial court understood Nick's objection to be about testimony that had been objected to at the pretrial hearings. To preserve error, a complaint on appeal must comport with the objection made at trial. *Rogers v. Dep't of Family and Prot. Serv.*, 175 S.W.3d 370, 376 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd w.o.j.) (declining to address a complaint on appeal when it did not comport with the objection made at trial); TEX. R. APP. P. 33.1(a) (requiring the record to show that a complaint was made to the trial court as a prerequisite to presenting a complaint for appellate review). Nick's complaint on appeal that the trial court could not take judicial notice of the pretrial testimony because it was not "authenticated and entered in evidence" does not comport with the objection he made at trial. Therefore, Nick's complaint has not been preserved for our review. We overrule Nick's third issue.

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice