**Reversed and Rendered and Memorandum Opinion filed September 9, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00023-CV

### CHRISTOPHER SCOTT BRANN, Appellant

### V.

### ROBERTO GUIMARAES, Appellee

**On Appeal from the 308th District Court
Harris County, Texas
2015-24329-A**

## MEMORANDUM OPINION

Appellant Christopher Scott Brann appeals from a judgment awarding appellee Roberto Guimaraes his attorney's fees and costs pursuant to section 42.009 of the Texas Family Code. *See* Tex. Fam. Code Ann. § 42.009 (authorizing recovery of attorney's fees and court costs in specified circumstances). Because there is no evidence supporting the trial court's implied finding that Brann's claim for damages was frivolous, unreasonable, or without foundation, we sustain Brann's issue on appeal, reverse the trial court's judgment, and render judgment

that Guimaraes take nothing on his cause of action seeking recovery of his attorney's fees and costs.

## BACKGROUND

Brann obtained a divorce from Marcelle Guimaraes in which she was found to have abducted her son to Brazil. *See Guimaraes v. Brann*, 562 S.W.3d 521, 548 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (affirming trial court's award of exemplary damages based at least in part on the kidnapping of Brann's and Marcelle's son). Guimaraes is Marcelle's brother. Brann filed suit against Guimaraes and his parents pursuant to Chapter 42 of the Texas Family Code alleging that they assisted Marcelle in kidnapping Brann's son and taking him to Brazil. *See* Tex. Fam. Code Ann. § 42.003 (providing that a person who aids or assists in the violation of another person's possessory right to a child is jointly and severally liable for damages). Guimaraes filed a counterclaim against Brann pursuant to section 42.009 of the Texas Family Code seeking recovery of his costs and attorney's fees.[1] *See id.* § 42.009.

Guimaraes obtained a summary judgment on Brann's claims against him. The trial court severed this claim, as well as Guimaraes' counterclaim, into a separate cause number. Guimaraes filed a motion seeking recovery of his attorney's fees and costs as provided by section 42.009. *See id.* § 42.009 (entitling a person sued for damages under Chapter 42 to recover attorney's fees and costs if

---

[1] Guimaraes also included a request for sanctions under Rule 13 of the Texas Rules of Civil Procedure, and sections 9.011 and 10.001 of the Civil Practice and Remedies Code in his counterclaim. However, none of these establish an independent cause of action for damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 9.012(g) ("All determinations and orders pursuant to this chapter are solely for purposes of this chapter and shall not be the basis of any liability, sanction, or grievance other than as expressly provided in this chapter."); *Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *4 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.) (stating that "neither rule 13 nor chapter 10 establish an independent cause of action for damages").

the claim is dismissed or judgment is awarded to the defendant and the court or jury finds the claim was frivolous, unreasonable, or without foundation). Guimarares' counterclaim subsequently went to trial before the bench. During the trial Guimaraes offered only the testimony of one of his attorneys regarding the amount of Guimaraes' legal fees and that the fees were reasonable and necessary.[2] Guimaraes also asked the trial court to take judicial notice of its case file, which the trial court did without an objection from Brann. During closing argument, Guimaraes argued that Brann's failure to file a response to Guimaraes' traditional motion for summary judgment "is in and of itself prima facie evidence that the claim is frivolous." The trial court apparently agreed because it awarded Guimaraes $16,625.00 for his attorney's fees incurred as a result of Brann's claim against him. Findings of fact and conclusions of law were neither requested nor filed. This appeal followed.

## ANALYSIS

Brann argues there is no evidence supporting the trial court's implied finding that Brann's claim for damages against Guimaraes was frivolous, unreasonable, or without foundation.[3] Brann continues that Guimaraes' assertion that the failure to file a response to Guimaraes' traditional motion for summary judgment establishes

---

[2] Guimaraes' attorney did testify that it was his opinion that Brann's claim against Guimaraes was not "valid." The fact a claim may not be valid is not, without more, evidence that the claim is also "frivolous, unreasonable, or without foundation" as required by section 42.009. *See Pressley v. Casar*, 567 S.W.3d 327, 335 (Tex. 2019) (stating in a sanctions case that "Pressley's claims individually and collectively might have been losing ones, but they were not frivolous."). Accordingly, we conclude this testimony also provides no evidence supporting the trial court's award.

[3] Brann raised two issues in his appellant's brief. In his first issue, Brann asked this court to abate the appeal to allow the trial court an opportunity under Texas Rule of Appellate Procedure 27.2 to clarify or modify its summary judgment and severance orders to make certain the orders were final. Subsequent to Brann filing his brief, we abated the appeal. While the case was abated, the trial court signed an "Amended Order of Severance and Clarifying Notice of Final Judgment in Severed Case" rendering Brann's first issue moot.

both statutory elements found in section 42.009 is incorrect. Brann instead suggests that the granting of a summary judgment satisfies only the first element of Guimaraes' counterclaim and Guimaraes was required to introduce additional evidence on the second element to recover his attorney's fees and costs. Under these facts, we agree with Brann.

## I.      Standard of review

When an appellant challenges the legal sufficiency of the evidence on an adverse finding on an issue on which he did not have the burden of proof he must demonstrate on appeal that there is no evidence to support the adverse finding. *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In conducting a legal-sufficiency review, we must consider all the record evidence in the light most favorable to the appealed finding and indulge every reasonable inference that supports it. *Id.* at 550–51 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 821–22 (Tex. 2005)). The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id*. at 551. This Court must credit favorable evidence if a reasonable trier of fact could, and disregard contrary evidence unless a reasonable trier of fact could not. *Id*. The trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id*.

We sustain a legal sufficiency (or no-evidence) issue only if the record reveals one of the following: (1) the complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Id*. Evidence that is so weak as to do no more than create a mere surmise or suspicion that the fact exists is less than a scintilla. *Id.*

## II. The evidence is legally insufficient to support the trial court's award of attorney's fees and costs.

Here, Guimaraes chose not to offer any evidence during the bench trial on the second element of his section 42.009 claim for attorney's fees and costs.[4] Instead, Guimaraes offered evidence only on the amount of fees he incurred. Guimaraes did argue that Brann's undisputed failure to file a response to Guimaraes' traditional motion for summary judgment was sufficient to establish both the first and second elements of a section 42.009 claim.[5] We conclude

---

[4] While Guimaraes included requests for sanctions under Rule 13 of the Texas Rules of Civil Procedure, and sections 9.011 and 10.001 of the Texas Civil Practice and Remedies Code in his pleadings, he did not include these grounds in his motion for fees. *See Orbison v. Ma-Tex Rope Co., Inc.*, 553 S.W.3d 17, 35 n.13 (Tex. App.—Texarkana 2018, pet. denied) ("Rule 13 and Section 10.001 only provide for the filing of a motion for sanctions as a remedy for filing pleadings in bad faith and do not create a cause of action for bad faith."); *Guidry v. Envtl. Procedures, Inc.*, 388 S.W.3d 845, 860 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (stating that Rule 13 does not establish an independent cause of action for damages but instead provides a basis for trial courts to impose sanction "upon motion or its own initiative"). Also, no motion for sanctions under Rule 13 or sections 9.011 or 10.001 of the Civil Practice and Remedies Code appear in the appellate record. Guimaraes instead moved for an award of attorney's fees only under section 42.009 of the Texas Family Code. In addition, the trial court's order awarding the fees states it was awarding Guimaraes his attorney's fees on his counterclaim "relating to an alleged interference with a child custody order." We therefore need not reach Guimaraes' arguments in support of the judgment based on Rule 13 of the Texas Rules of Civil Procedure, and sections 9.011 and 10.001 of the Texas Civil Practice and Remedies Code. *See WWW.Urban.Inc. v. Drummond,* 508 S.W.3d 657, 675 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("A court is not authorized to grant sanctions under a statute or rule not identified in the motion for sanctions."); *Kreighbaum v. Lesler*, No. 05-06-01333-CV, 2007 WL 1829729, at *2 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op.) ("[W]hen a party pleads a specific ground for recovery of attorney's fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground.").

[5] On appeal, the parties reference Guimaraes filing a no-evidence motion for summary judgment. No such motion appears in the appellate record. Instead, the only summary judgment motion filed by Guimaraes was a traditional motion. Indeed, Guimaraes, in his reply to Brann's response to his motion for attorney's fees, specifically informed the trial court that:

> Although counsel for Brann repeatedly referenced a "no evidence motion for summary judgment" in both his testimony and his oral argument at trial, and although Brann references a "no evidence motion for summary judgment" in his Response, Roberto did not file a no evidence motion for summary judgment in this case but instead filed a traditional motion for summary judgment."

5

Brann's failure to respond to Guimaraes' traditional motion for summary judgment cannot, under these facts, serve as evidence to support the trial court's implied finding that Brann's claim was frivolous, unreasonable, or without foundation. *See Gray v. Entis Mechanical Services, L.L.C.*, 343 S.W.3d 527, 529 (Tex. App.— Houston [14th Dist.] 2011, no pet.) (stating that a nonmovant has no burden to respond to a traditional summary judgment motion unless the movant conclusively establishes each element of its cause of action as a matter of law and the nonmovant may still contend on appeal that the movant's summary judgment evidence was insufficient as a matter of law to support summary judgment). We therefore turn to the remainder of the appellate reporter's record of the trial to determine whether sufficient evidence supports the trial court's implied finding.

Guimaraes asked the trial court to take judicial notice of its case file. The trial court did so without objection by Brann. Guimaraes then cites documents found in the appellate clerk's record in support of his argument that he established Brann's claims were frivolous, unreasonable, or without foundation. We disagree that the trial court taking judicial notice of its file takes the place of evidence admitted during a trial. *See Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating that "trial court may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file."). Instead, a party relying on documents such as deposition transcripts or trial testimony from a different proceeding, must properly authenticate the items and enter them into evidence. *Id.* Guimaraes did not follow this procedure. Therefore, the trial court's action of taking judicial notice of its case file amounts to no evidence. *Id.* ("When evidence is the subject of improper judicial notice, it amounts to no evidence."); *In re M.C.G.*, 329 S.W.3d 674, 675 (Tex. App.—Houston [14th Dist.] 2010, no pet.)

6

(supp. op. on reh'g) (clarifying that this court did not consider testimony from a prior hearing where the testimony was not offered and admitted into evidence at the subsequent trial); *Augillard v. Madura*, 257 S.W.3d 494, 503 n.14 (Tex. App.—Austin 2008, pet. denied) (finding evidence legally insufficient to support judgment where trial court took judicial notice of testimony from a hearing held thirteen months earlier in the same case, but the evidence was not offered at the second hearing). Therefore, Guimaraes' citation of documents found in the appellate clerk's record, none of which were admitted into evidence during the bench trial, cannot provide evidentiary support for the trial court's implied finding that Brann's claim was frivolous, unreasonable, or without foundation. Having examined the record of the bench trial, we conclude there is no evidence supporting the trial court's implied finding that Brann's claim was frivolous, unreasonable, or without foundation. We sustain Brann's issue on appeal.

## CONCLUSION

Having sustained appellant Christopher Scott Bran's issue on appeal challenging the trial court's judgment, we reverse the trial court's judgment and render judgment that Guimaraes take nothing on his cause of action seeking recovery of his attorney's fees and costs.

/s/     Jerry Zimmerer
Justice

Panel consists of Justices Wise, Bourliot, and Zimmerer.

7