# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-25-00249-CV

---

Rolando Trevino,
Appellant

v.

Velocity Investments, LLC,
Appellee

---

On appeal from the
County Court at Law No. 3 of McLennan County, Texas
Judge J. Patrick Atkins, presiding
Trial Court Cause No. 20240320CV3

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Rolando Trevino appeals from the trial court's judgment rendered in favor of Velocity Investments, LLC in this breach of contract case. In one multi-part issue, Trevino asserts the trial court erred in taking judicial notice of Velocity's business records declaration. We affirm.

## BACKGROUND

In early 2022, Trevino executed a promissory note which he failed to repay. Velocity purchased the account in late 2022 and, in April 2024, sued Trevino for breach of contract. In August 2024, Velocity filed a "Notice of Filing of Business Records and Proposed Trial Judgment." Accompanying the notice is a "Declaration" signed by Velocity's custodian of records and the documents referenced in the declaration.

At the hearing, counsel for Velocity explained that he had no witnesses and did not intend to offer any exhibits. Instead, he asked the court to take judicial notice of its file and grant a judgment in favor of Velocity based on the business records in the file. Trevino's counsel objected to the admissibility of the "records affidavit," complaining that it was prepared in anticipation of litigation and does not contain the elements required for the business records predicate. Without explicitly overruling Trevino's objection, the trial court ruled in favor of Velocity, awarding it the amount due on the note, court costs, and post-judgment interest.

## JUDICIAL NOTICE

In Part B of his sole issue, Trevino asserts that the business records declaration should not have been judicially noticed because it contained and relied upon disputed facts. He contends that he repeatedly objected to the

business records declaration because its substance "was a matter of real dispute between the parties."

A judicially-noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably by questioned. TEX. R. EVID. 201(b). However, the trial court may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file. *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.—Houston [14th Dist.] 2011, no pet.). When evidence is the subject of improper judicial notice, it amounts to no evidence. *Id.* However, a party must object to the trial court's taking of judicial notice or any error in the procedure is waived. *See* TEX. R. APP. P. 33.1(a)(1); *In re M.W.*, 959 S.W.2d 661, 664 (Tex. App.—Tyler 1997, writ denied).

At the hearing, Trevino objected to the admissibility of the declaration on the basis that it was hearsay that did not meet the requirements necessary to be admitted under the business records exception to the hearsay rule. Thus, its substance was a matter of real dispute between the parties. However, at no time during the hearing did Trevino object to the trial court's taking judicial notice on the basis that the facts in the declaration and attached records are

subject to reasonable dispute and therefore inappropriate for judicial notice. Because Trevino did not object on the basis that judicial notice was an improper procedural vehicle for presenting the declaration, he waived this complaint. *See In re M.W.*, 959 S.W.2d at 664. We overrule Part B of Trevino's sole issue.

## HEARSAY

In Part A of his sole issue, Trevino contends that the business records declaration was inadmissible hearsay because it did not satisfy the business records exception.[1] Specifically, Trevino asserts that the declaration

> does not aver that the records were made and kept in the course of a regularly conducted business activity; that it was the regular practice of the business activity to create such records; that the records were created at or near the time of the event recorded; or that the records were created by, or from information transmitted by, a person with knowledge who was acting in the regular course of business.

Further, he asserts that because the declaration was prepared in anticipation of litigation and because of significant deficiencies in the records themselves, the business records declaration clearly lacks trustworthiness and thus is inadmissible.

---

[1] Based on his argument, we construe this statement to mean Trevino is arguing that the business records, rather than the declaration, are inadmissible hearsay.

**Business Records Exception**

Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Hearsay is inadmissible unless a statute or rule provides otherwise. *Id*. R. 802. Under the business records exception, evidence that is otherwise inadmissible as hearsay may be admissible if the proponent of the evidence demonstrates that (1) the record was made at or near the time of the events recorded; (2) the records were created by, or from information transmitted by, someone with knowledge of the events; (3) the record was kept in the course of a regularly conducted business activity; and (4) making the record was a regular practice of that activity. *Id*. R. 803(6). These prerequisites to admissibility may be provided by the testimony of the custodian or another qualified witness in the form of an affidavit or unsworn declaration that complies with Rule 902(10). *Id*.

Third party documents can become the business records of an organization and admissible under Rule 803(6) if the records are (1) incorporated and kept in the course of the testifying witness's business, (2) the business typically relies upon the accuracy of the contents of the documents, and (3) the circumstances otherwise indicate the trustworthiness of the documents. *Ortega v. Cach, LLC*, 396 S.W.3d 622, 629 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Nonetheless, the proffered records may be found

inadmissible if the opponent demonstrates the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. TEX. R. EVID. 803(6)(E).

**Discussion**

Trevino asserts that the business records declaration does not meet the requirements of Rule 803(6). He also complains that the declaration "offers no assurance as to how the records were created or maintained before receipt."

The declarant stated that he is the custodian of records of Velocity, he has custody and control of records relating to Trevino's account, those records are kept in the normal course of business, and he has personal knowledge of the facts in the records. He stated that Velocity obtains underlying account level documentation from sellers for accounts it purchases and obtains such documentation on a regular basis and such documents become a permanent part of Velocity's record for the account. Velocity requested account level documentation relating to Trevino's account and obtained the business records attached to his declaration. The records attached are true and correct copies received by Velocity in connection with the purchase of the account, and those documents have been kept, maintained and adopted by Velocity as the primary record of information for the account. The declarant stated that "[t]he

documents were created at or near the time or reasonably thereafter" and Velocity relies on and uses the documents to collect on the account.

Rule 902(10) of the Texas Rules of Evidence sets out a form of affidavit to be used when offering business records under Rule 803(6). *See* TEX. R. EVID. 902(10). However, the rule provides that the form is not exclusive, and that an affidavit which substantially complies with the affidavit form set out in the rule will suffice. *Id*. Further, the proponent may use an unsworn declaration made under penalty of perjury in place of an affidavit. *Id*.

Here, although the declaration is not written in the form provided in Rule 902(10), it addresses each of the requirements of Rule 803(6) as well as the additional requirements to show the third-party documents became Velocity's business records. *See* TEX. R. EVID. 803(6); *Ortega*, 396 S.W.3d at 629. Velocity produced evidence that it reasonably relied on the accuracy of the documents to determine the existence and value of Trevino's debt that is now due to Velocity. Further, the declaration sufficiently shows Velocity incorporated third party records into its regular and daily business use, and Velocity reasonably relied upon the accuracy of the documents it received from those third parties in order to determine the existence and value of Trevino's debt. The declaration substantially complies with the requirements of Rule 803(6) and Rule 902(10). *See* TEX. R. EVID. 803(6), 902(10).

Furthermore, personal knowledge by a third party of the procedures used in preparing the original documents is not required when the documents are incorporated into the business of the third party, are relied upon by the third party, and there are other indicators of reliability. *See Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 732 (Tex. App.—San Antonio 2012, no pet.). Therefore, the declarant need not address how the records were created or maintained before receipt by Velocity.

Trevino asserts that the declaration was drafted in anticipation of litigation and therefore untrustworthy. Trevino fails to recognize the distinction between the declaration and the records authenticated by the declaration. Records prepared in anticipation of litigation, as opposed to those kept in the regular course of business, lack trustworthiness. *See Ortega*, 396 S.W.3d at 630. Here, the declaration, which was drafted in anticipation of litigation, was necessary to support the business records exception to the hearsay rule. *See* TEX. R. EVID. 902(10)(B) (setting out the form for an affidavit or unsworn declaration to be prepared by the custodian of records and accompanying the business records sought to be introduced).

Trevino also complains of deficiencies within the records he contends are an indication that the declaration is untrustworthy. He suggests there may be missing pages, and he describes the records as muddled and unclear.

The records show that Trevino took out a loan from FinWise Bank on February 17, 2022. Upstart Network, Inc. was the servicer on the loan, and Upstart kept and maintained business records on behalf of FinWise Bank. At some point, FinWise Bank transferred its interests to Upstart, and Upstart transferred Trevino's loan to a Purchaser identified on a missing Exhibit A. On December 20, 2022, an entity called Wilmington Savings Fund Society FSB as trustee of Alternative Lending Holdings Trust II assigned its interests in the charged-off loan to Velocity. That assignment is documented with a "Bill of Sale" signed by the CFO of Upstart, which was either initial seller or servicer on behalf of Wilmington Savings Fund Society FSB as trustee of Alternative Lending Holdings Trust, II. Although there is no document showing a sale or assignment of interests from Upstart to Wilmington, it is clear that Upstart was involved from the inception of the loan until Velocity obtained its interest in Trevino's loan. We conclude that the documents provide sufficient indicia of reliability in the record keeping process such that they do not indicate a lack of trustworthiness. *See* TEX. R. EVID. 803(6)(E).

The business records declaration satisfied the requirements of Rules 803(6) and 902(10). Accordingly, we overrule Part A of Trevino's sole issue.

## CONCLUSION

Having overruled Trevino's sole issue, we affirm the trial court's judgment.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  January 15, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirm
CV06

